Frank SLAVIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 52606.

Court of Criminal Appeals of Texas.

March 9, 1977.

Rehearing Denied March 30, 1977.

Dalton C. Gandy, Fort Worth, court appointed on appeal only, for appellant.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of indecency with a child; the punishment, which is enhanced by prior felony convictions, is imprisonment for life.

The appellant asserts that the indictment is fundamentally defective. We agree. The State attempted to allege the commission of this offense in exactly the same words that we held to be insufficient in *Victory v. State*, Tex.Cr.App., 547 S.W.2d 1 (Decided January 21, 1976, opinion on motion for rehearing delivered November 3, 1976).

The indictment in the case at bar in pertinent part reads:

". . . did then and there knowingly and intentionally engage in sexual contact with V____R____F____, a child younger than 17 years and not then the spouse of the defendant, by touching the genitals of V____R____F____."

In *Victory v. State*, supra, the indictment was held to be defective because it failed to allege that the touching of the genitals of the named child was done with the intent to arouse or gratify the sexual desire of any person. It was there said that the indictment must allege the particular intent because it was a material fact in the description of the offense. Art. 21.05, V.A.C.C.P. Also, Art. 21.03, V.A.C.C.P. requires that everything should be stated in an indictment which is necessary to be proved. It is necessary to prove the specific intent required by the statute. V.T.C.A., Penal Code, Sec. 21.01(2).

Since the indictment omitted the necessary allegation of the particular intent, the indictment is fatally and fundamentally defective, and even though a motion to quash the indictment or a motion to dismiss the indictment was not filed, reversible error is presented. See *Reynolds v. State*, Tex.Cr. App., 547 S.W.2d 590 (Decided November 3, 1976).

The judgment is reversed and the prosecution on this indictment is ordered dismissed.

Opinion approved by the Court.

DOUGLAS, J., dissents.