**Ex parte Laverne Ray KIRBY.**

No. 68834.

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1981.

Rehearing Denied Dec. 23, 1981.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an application for writ of habeas corpus filed following a conviction for delivery of marihuana in cause 3803 in Criminal District Court No. 1 of Tarrant County.

Petitioner bases his application on the contention that the indictment in his case is fundamentally defective in that it failed to allege the required culpable mental state for delivery of marihuana. Initially, the State responded by conceding the defect and urging that relief be granted. The trial court ruled in its findings of fact that the indictment omitted any allegation of intent or knowledge and also recommended that relief be granted. Although the State has urged a re-examination of the jurisdictional requirements for the charging instrument in a criminal case, we agree that the indictment contains a fundamental defect and that the conviction is void.

Section 4.05(d) of the Controlled Substances Act provides that a person commits an offense if he "knowingly or intentionally" delivers marihuana. The indictment charging the petitioner under this section alleges in pertinent part:

> "that Laverne Ray Duke Kirby hereinafter called Defendant, in the county of Tarrant and State aforesaid, on or about the 19th day of December 1974, did then and there deliver to M. DeLaFlor marihuana of more than one-fourth of an ounce."

■■ The indictment is fundamentally defective for failing to allege a culpable mental state. *Goss v. State*, 582 S.W.2d 782 (Tex.Cr.App.); *Tew v. State*, 551 S.W.2d 375 (Tex.Cr.App.). Such an indictment does not allege any offense against the law and is utterly insufficient to invoke the jurisdiction of the trial court. Any conviction based on judicial action without jurisdiction is void and challengable by way of post-conviction application for writ of habeas corpus. *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.); *Ex parte Garcia*, 544 S.W.2d 432 (Tex.Cr.App.).

Although the State concedes that the defect renders the conviction void, it is argued that "the trial court obtains subject matter jurisdiction so long as the charging instrument *substantially* charges a crime within the court's jurisdiction. . . ." Additionally, it is proposed that if the indictment *appears* to charge a felony offense, then the court has jurisdiction even though the indictment contains a defect in its pleading.

■■ This argument, however, fails to recognize the distinction between jurisdictional defects and insufficient notice of the offense charged. In short, jurisdiction cannot be "substantially" invoked. It either attaches or it does not. It encompasses the *power* and *authority* of the court to determine all essential questions in the case. *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr. App.). Jurisdiction must be invoked by properly and completely alleging an offense against the laws of Texas and the test is not to be applied by hindsight. In other words, a defect in the charging instrument relating to jurisdictional requirements cannot be "cured" by the subsequent proceedings in that court and cannot be waived. Judicial action without jurisdiction is void. See *Ex parte Cannon, supra,* concurring opinion.

■ Jurisdictional defects, which may be raised at any time, must be distinguished from defects requiring a motion to quash. When the indictment is challenged as not having provided the defendant with adequate notice of the acts alleged, the indictment is examined from the defendant's viewpoint. Therefore, the issue is waived if not raised by motion because it is presumed that the indictment gives sufficient notice for preparation of a defense if he proceeds to trial without complaint. *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex. Cr.App.).

In the instant case the State argues that it is "apparent to all of us" that the indictment charged a felony drug offense and that a fundamental defect is rarely prejudicial to the defendant. See *Ex parte Cannon, supra,* dissenting opinion. We stress that the question before this Court is one of fundamental defect for failure to allege an offense against the State by omitting the required culpable mental state. The accuracy of the indictment in this respect is not ascertained by viewing the allegations from the defendant's position. That is, we are not questioning whether the instrument

provides sufficient notice to the defendant in preparation of his defense. The attachment of power and authority, not prejudice, is at issue and the foundation for jurisdictional requirements is enunciated in *Ex parte Cannon* :

"It is fundamental in our system of government that sovereignty resides in the people and that the state may exercise only those powers given to it by law, and only in the manner and according to the forms authorized by law. Courts may exercise only those powers granted them, and even those powers may be exercised only when the power to act is properly invoked."

The conviction of the petitioner is void because the jurisdiction of the trial court was not invoked. Relief is granted and the indictment in cause 3803 in the Criminal District Court No. 1 of Tarrant County is hereby dismissed. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.