**Albert Alan AYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–154–CR.**

Court of Appeals of Texas, Austin.

March 18, 1987.

Gerald M. Brown, Carroll, Brown & Hibbs, Temple, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

Over his plea of not guilty, the jury found Albert Alan Aylor guilty of aggravated sexual assault and assessed punishment at ten years confinement. He was convicted and sentenced accordingly. Tex. Pen.Code Ann. § 22.021(a)(5) (Supp.1986). We will affirm the judgment.

The offense allegedly arose out of incidents beginning in April 1985. Aylor was the stepfather of the complaining witness, a female, who was eleven and one-half years of age at the time of trial in 1986. According to her testimony, she requested Aylor to help her wash her hair on several

occasions because she had difficulty in getting the soap out. She testified that Aylor would enter the shower nude, wash her hair, and then "put his finger a little bit in [her] vagina." Further, Aylor would on occasion require her to "wash" his genital area. The episodes occurred "lots of times" but ceased in May 1985.

Testifying in his own behalf, Aylor admitted that he assisted the child in washing her hair but denied being nude and denied touching her in the manner she described. He contended she had been coached and that she could not have made up the story without assistance.

Aylor brings two points of error: (1) that his indictment and conviction under § 22.-021 of the Penal Code, as it was amended and in effect at the time of trial, violated the constitutional prohibition against ex post facto statutes contained in Tex. Const. Ann. art. I, § 16 (1984); and, (2) that the evidence is insufficient to support the jury's finding that he committed the offense on May 17, 1985 as charged in the indictment.

## EX POST FACTO STATUTE

Appellant was charged and convicted of aggravated sexual assault under Tex.Pen. Code § 22.021. The statute provides:

(a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:

\* \* \* \* \* \*

(5) the victim is younger than 14 years of age.

Section 22.011, as it existed on May 17, 1985, the date of the alleged offense, provided:

(a) A person commits an offense if the person:

\* \* \* \* \* \*

(2) intentionally or knowingly:

(A) causes the penetration of the anus or vagina of a child by any means.

Effective September 1, 1985, the Legislature amended § 22.011(a)(2)(A) by changing the word "vagina" to "female sexual organ." Section 2 of the amending statute specifically made the amended statute applicable to offenses committed after its effective date. Nevertheless, Aylor's indictment charged that on or about May 17, 1985, he "intentionally and knowingly caused an object, to-wit: [his] finger to penetrate the female sex organ of" the complaining witness. The indictment thus tracked the language of the amended statute that did not become effective until after the date of the offense averred in the indictment. The trial court's charge to the jury was worded in substantially the same language.

Although he did not move to quash the indictment or object to the charge, Aylor contends on appeal of the ex post facto application of the amended version of § 22.011 as it is incorporated in § 22.021.

■ An ex post facto statute is one that: (1) makes criminal an act that was innocent before its passage; (2) increases the degree of the crime over what it was when the act was committed; (3) increases the punishment over that in effect when the act was committed; or (4) alters the legal rules of evidence by requiring less or different evidence to convict than was required at the time the act was committed. *Millican v. State,* 167 S.W.2d 188, 190 (Tex.Cr.App. 1943). Although a statute may not be retroactive on its face, as in the present case, it may nevertheless violate constitutional prohibitions against ex post facto laws if applied to an act committed before its effective date. *Lindsey v. State,* 672 S.W.2d 892 (Tex.App.1984, pet. ref'd). Aylor contends that is the case here because the term "female sexual organ" is more expansive in its scope than "vagina"; and, in consequence, less or different evidence is required for a conviction under the amended statute.

■ "Vagina" has been defined in common usage as the genital canal in the female, extending from the uterus to the vulva. Stedmans Medical Dictionary (3d Ed.1972). The Court of Criminal Appeals has held that "genitals" includes more than the "vagina"; it includes the vulva or tissue immediately surrounding the vagina.

*Clark v. State,* 558 S.W.2d 887, 889 (Tex. Cr.App.1977). We detect no difference in the term "genitals" or "genitalia," and "female sexual organ." On the other hand, as in *Clark v. State, supra,* Texas courts have assigned a more restrictive meaning to the word "vagina." *See Bryant v. State,* 685 S.W.2d 472 (Tex.App.1985, pet. ref'd); *Lujan v. State,* 626 S.W.2d 854 (Tex.App. 1981, pet. ref'd). We conclude that "female sexual organ" was intended to include more than the "vagina."

The differences and similarities in the foregoing terms evidently came to the attention of the Legislature that amended § 22.011. The bill analysis accompanying the bill amending § 22.011 contains the statement that

> Under current law, certain elements of sexual assault offenses require proof of penetration of the vagina which has caused prosecution problems unrelated to the culpability of the defendant.

This evidently refers to the fact that, under the previous version of § 22.011, the State was obliged to prove penetration of the vagina and not merely, for example, the labia minora (the outer lips of the vulva).

Since the amended statute does not require a showing that the victim's vagina was penetrated, it permits conviction on less or different evidence. We hold therefore that it may fairly be characterized as an ex post facto statute in its application to Aylor's act committed before the effective date of the amendment. We turn then to the question of whether Aylor could and did waive his complaint concerning application of the amended statute to his case.

Aylor assumed the applicability of the amendment to his case, using the term "female sexual organ" in his closing argument to the jury; and, he did not object to the charge or move to quash the indictment. His first objection was contained in a motion for new trial.

■ As a general rule, appellate courts will not consider any error not called to the trial court's attention at a time when it might have been avoided by that court. *Rogers v. State,* 640 S.W.2d 248, 264 (Tex. Cr.App.1982). Errors of constitutional dimension may be waived in this manner. *Russell v. State,* 665 S.W.2d 771, 777 (Tex. Cr.App.1983), *cert. denied* 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984). Appellant's first opportunity to timely object arose after the return of the indictment. In Tex.Code Cr.P.Ann. art. 1.14(b) (West 1986), it is provided (in reference to indictments returned after December 1, 1985) that the defendant "waives and forfeits the right to object to the defect" and may not "raise the objection on appeal or in any other post-conviction proceeding" if he "fails to object to [the] defect of form *or substance*" before trial on the merits (emphasis added). This amendment to the Code of Criminal Procedure effectively does away with the former fundamental defect rules, save perhaps for instances where the indictment fails to aver facts constituting the crime charged. *See* Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform,* 38 Baylor L.Rev. 1, 34 (1986). The indictment in the present case does not fall within the category that arguably survives the amendment.[1] Here, the only evi-

---

**1.** In a recent case by the Court of Criminal Appeals, the defendant was charged with deviate sexual intercourse "by contact between the anus of complainant and a dildo held by" defendant. Tex.Pen.Code § 21.01(1) (1979) in effect at the time of the offense defined deviate sexual intercourse as "any contact between any part of the genitals of one person and the mouth or anus of another." The Legislature amended this section, broadening deviate sexual intercourse to include "the penetration of the genitals or the anus of another person with an object." The Court of Criminal Appeals held that

> the indictment alleges a specific manner and means of deviate sexual intercourse which was not contemplated by Section 21.01(1). Hence, the conduct described in the indictment does not constitute an offense against the laws of the State of Texas at the time the conduct occurred.

*Ex parte Hawkins,* 722 S.W.2d 424 (Tex.Cr.App. 1986). Thus the indictment was fundamentally defective; the jury could not have found Hawkins guilty of an act that was a criminal offense when committed.

This case is distinguishable, however. The amendment to § 22.011 does not involve "manner and means" of sexual assault, but merely

dence of sexual assault concerned penetration of the vagina, as discussed below. The vagina is a *part* of the female sex organ, and penetration of the vagina *was* an offense under the former statute.

Aylor might have objected as well to the trial court's charge to the jury but failed to do so. Errors in the charge are similarly waived in most instances for want of a timely objection. Only where the error is "fundamental" may it be raised for the first time on appeal. The word "fundamental" implies an error so egregious in its harm as to deny the defendant "a fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1984). In assessing the degree of such harm, we must consider the entirety of the jury charge, the state of the evidence, the argument of counsel, and any other relevant information in the record.

■ We find that the record in the present case does not show that Aylor was denied "a fair and impartial trial." The child testified:

... [W]hen I asked [Aylor] to help me wash my hair, he went into the shower and helped me with my hair, and then touched me on my vagina and breast.... [H]e had his clothes off.... [H]e washed my hair and then he put his finger a little bit in my vagina, and it hurt, a little bit....

My vagina is the little place where—where my stuff comes out.

In *Lujan v. State, supra,* the evidence was held sufficient to prove touching the *vagina* where the complainant testified "with his finger he put it on the front and back" where she "goes to the restroom" (prosecutrix six years old). Similarly, in *Bryant v. State, supra,* the complainant's testimony was held sufficient to show a touching of the vagina when she testified that the accused "put his hands underneath [her] [under] pants" and "touched [her] down between [her] legs" (prosecutrix five years old). Given the complainant's testimony in

the present case, we are unable to say that the use of the term "female sexual organ", an admittedly more inclusive term than the word "vagina," caused Aylor the requisite degree of harm so as to justify reversal under the *Almanza* standard. Under the complainant's testimony here, the more expansive term was rendered immaterial by the only evidence on the point—the complainant's explicit testimony that Aylor "put his finger a little bit in my vagina." The issue reduced then to the credibility of the complainant as opposed to Aylor's, and his testimony that he did not touch her at all in the manner she described.

For the foregoing reasons, we overrule Aylor's first point of error.

■ Aylor complains in his second point that the evidence was insufficient to prove that the offense was committed on May 17, 1985. We disagree. The indictment alleges the commission of the offense "on or about" May 17, 1985. The child testified that the episodes occurred "lots of times" beginning in April 1985, but stopped before May 18 of that year. She testified that she remembered that May 17 was the date of the last episode because May 18 was her birthday. The State is not bound by the date alleged in the indictment and a conviction may rest on evidence that the offense was committed before the return of the indictment and within the applicable period of limitations. *Espinoza v. State*, 638 S.W.2d 479 (Tex.Cr.App.1982). The indictment in Aylor's case was returned January 8, 1986, and the evidence shows the commission of the offense within the five years specified for sexual assault offenses under Tex.Code Cr.P. art. 12.01, § 3(C) (Supp.1986). We therefore overrule Aylor's second point of error.

Finding no error as assigned, we affirm the judgment of the trial court.

---

the degree of penetration required. The only difference in the two versions of the statute is the quantum of evidence necessary to convict; the mode of committing the offense is unaffect-

ed. The jury could have found Aylor guilty of the more specific offense included within the amended statute.