William **WHETSTONE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–86–00848–CR, 05–86–00849–CR.

Court of Appeals of Texas,
Dallas.

Oct. 15, 1987.

Rehearing Denied Nov. 18, 1987.

Ted Redington, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before WHITHAM, THOMAS and McCRAW, JJ.

WHITHAM, Justice.

William Whetstone appeals from orders revoking his probation on two felony theft charges and sentencing him to concurrent five-year prison terms. Appellant asserts that both indictments were fundamentally defective because they failed to allege all the elements of a criminal offense. We agree. Accordingly, we reverse the trial court's judgments and dismiss both indictments.

These appeals were submitted without the benefit of a statement of facts. The

transcripts, however, reflect that appellant pleaded guilty in 1984 to two third-degree felony theft charges. The trial court assessed punishment in each case pursuant to the terms of a written plea bargain agreement, five years' confinement probated for five years. On August 14, 1986, the trial court revoked appellant's probation and imposed the five-year sentences.

We initially consider the State's argument that this Court lacks jurisdiction of these appeals. This contention is based on the proviso to article 44.02 of the Texas Code of Criminal Procedure, which was still in effect when appellant filed notice of appeal. This statute provided that a defendant who pleaded guilty and was punished according to the terms of a plea bargain agreement had to obtain the trial court's permission to prosecute an appeal, except for matters raised by written pretrial motion.

The State asserts that we have no jurisdiction because the record fails to show that appellant either filed a pretrial motion challenging the sufficiency of the indictments to allege an offense or obtained the trial court's permission to appeal this issue. The State relies on *Morris v. State*, No. 0197–84 (Tex.Crim.App., Apr. 30, 1986) (not yet reported), which held that appellate courts lack jurisdiction under article 44.02 to examine the sufficiency of the evidence—normally a fundamental error reviewable in the interest of justice—unless the trial court first gives its permission for the defendant to appeal that issue. The State apparently interprets *Morris* as applicable to all types of "fundamental" error, including appellant's claim that the indictments fail to charge an offense.

■■■■ Unlike questions involving the sufficiency of the evidence, an indictment's failure to allege an offense prevents the district court from acquiring jurisdiction. *Ex parte Barcelo*, 577 S.W.2d 499, 500 (Tex.Crim.App.1979). A negotiated plea under article 44.02 waives a defendant's right to appeal *nonjurisdictional* defects (emphasis added). *Tweedy v. State*, 722 S.W.2d 30, 31 (Tex.App.—Dallas 1986, pet.

ref'd). It does not, however, prevent an appellate court from determining whether the indictment failed to allege a criminal offense, even if the defendant failed to file a pretrial motion or obtain the trial court's permission to appeal. *Castro v. State*, 662 S.W.2d 460, 461 (Tex.App.—Corpus Christi 1983, pet. ref'd); *see also Tweedy v. State, supra.* We overrule the State's jurisdictional argument.

■■ Appellant contends that the indictments fail to allege a criminal offense. Each indictment alleges that appellant appropriated specified property without the owner's effective consent. The indictments then continue, "... and such appropriation was without effective consent since the consent was induced by deception in that the said property was secured in exchange for a check that was subsequently dishonored by the bank." Appellant argues that these indictments fail to adequately allege the offense of theft because the securing of property for a check that is subsequently dishonored does not, in itself, constitute a deceptive act.

Consent is not effective if induced by deception. Tex.Penal Code Ann. § 31.01(4)(A) (Vernon 1974). "Deception" means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

(C) preventing another from acquiring information likely to affect his judgment in the transaction;

(D) selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property, whether the lien, security interest, claim, or impediment is or is not valid, or is or is not a matter of official record; or

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

*Id.* § 31.01(2). The act of obtaining property in exchange for a check fails to meet any of these statutory definitions; and the bank's subsequent decision to dishonor that check does not automatically change this fact. Without additional facts, this conduct does not constitute a criminal offense. *See* Tex.Penal Code Ann. §§ 31.06 & 32.41 (Vernon 1974 & Supp.1987).

■ The State does not contend that the indictments' fact allegations are adequate to show a deception, but asserts instead that a theft indictment need not allege the circumstances preventing consent from being effective. *See Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim.App.1981). Still, an indictment must allege all essential elements of the offense. *Ex parte Millard,* 587 S.W.2d 703, 705 (Tex.Crim.App.1979). If an element of the offense is negated by an allegation defining that element, the indictment is rendered fundamentally defective even though that descriptive allegation was unnecessary. *Cf. Bogany v. State,* 646 S.W.2d 534, 535 (Tex.App.— Houston [1st Dist.] 1982, no pet.).

■ Both indictments elaborated upon the essential element of no effective consent by expressly accusing appellant of inducing consent by deception. This deception was then specifically described by alleging that appellant had engaged in the perfectly legal activity of securing property in exchange for a check. We emphasize that the indictments' allegations that the checks were subsequently dishonored by the bank, standing alone, asserted no *scienter* on appellant's part. *See* Tex.Penal Code Ann. § 31.06 (Vernon 1974). An indictment that accuses a defendant of only non-criminal conduct in support of an allegation that he acted by "deception" is fundamentally defective because no offense has been alleged. *Posey v. State,* 545 S.W. 2d 162, 164 (Tex.Crim.App.1977). We hold that the fact allegations of only lawful conduct rendered the indictments against appellant fundamentally defective.

We reverse the trial court's orders revoking appellant's probation and we dismiss the indictments.