Beverly Kay VAN DUSEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-87-00298-CR.

Court of Appeals of Texas,
Dallas.

Dec. 29, 1987.

James W. Creech, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

1. The Honorable John L. McCraw, Jr., Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, concurred in the issuing of this opin-

Before STEPHENS, ROWE and McCRAW[1], JJ.

ROWE, Justice.

Beverly Kay Van Dusen appeals a conviction for violation of section 43.23 of the Texas Penal Code (Vernon Supp.1987), possession of obscene devices with the intent to promote. Appellant entered a plea of nolo contendere before the trial court and was sentenced to ten days' confinement in the Dallas County Jail and a $300 fine. Appellant asserts eight points of error, all of which complain of a defective information. We affirm the trial court's judgment since we hold that appellant failed to preserve her error.

Appellant was arrested on or around January 21, 1986—the information on which the arrest was based was dated January 15, 1986. The State announced ready for trial on January 27, 1986; however, due to a heavy docket and numerous continuances for the defense, the cause did not come to be heard until February 13, 1987. On the day of trial, appellant for the first time complained of the information by way of four separate motions to quash. The court denied all four motions. Subsequently, appellant entered her plea, and the trial court set punishment.

Article 1.14(b), TEX.CODE CRIM.PROC. ANN. (Vernon Supp.1987), was added to the Code in 1985 and reads as follows:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information *before* the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error or irregularity and he may not raise the objection on appeal or in any other post conviction proceeding ...

(emphasis added). Thus, a motion to quash filed on the day of trial is too late, and any right to relief from defects in the information have been forfeited. Dix, *Texas*

ion prior to his retirement on December 28, 1987.

*Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform,* 38 BAYLOR L.REV. 1, 88 (1986).

A major objective of this new rule was to aid in the elimination of "sand bagging" by defense counsel. *Id.,* at 91. The habit of defense counsel of not objecting until the last minute to a defective indictment or information in the trial court and then objecting on appeal if the defendant was found guilty was not favored. Consequently, the new rule is drafted in such a way as to allow the prosecution to correct a defective indictment or information before the cause commences in the trial court. If a defective indictment or information is not objected to before the date on which the trial on the merits commences, a defendant waives any rights stemming from such defect. *See Aylor v. State,* 727 S.W.2d 727, 730 (Tex.App.—Austin 1987, no writ).

In this case, the appellant had over a year to object to the information. Since she failed to object before the date of trial, she may not raise any objections to the information on appeal. Therefore, we do not reach any of the appellant's eight points of error.

The judgment of the trial court is AFFIRMED.