Ronald G. MURK, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–01100–CR.

Court of Appeals of Texas,
Dallas.

July 7, 1989.

Rehearing Denied Sept. 6, 1989.

Rick L. Cohen, Mindy D. Cohen, Dallas, for appellant.

Kathleen A. Walsh, Dallas, for appellee.

Before STEWART, BAKER and KINKEADE, JJ.

BAKER, Justice.

In this public lewdness case, we hold that the State's amendment of the information rendered it fundamentally defective by deleting an essential element concerning intent. We set aside the conviction and order the information dismissed.

The information originally charged that appellant:

> knowingly engage[d] in an act of sexual contact with Albert Pagan, hereinafter called other person, said sexual contact being a touching of the genitals through the clothing of said other person, with the hand of said defendant, with the intent to arouse and gratify the sexual desire of said defendant, while said persons were in a public place, to-wit: 700 E. Lawther, Dallas[,] Texas....

At trial, the State amended the information by deleting the words "with the intent to arouse and gratify the sexual desire of said defendant." Appellant did not object to this amendment. The trial began, and at the conclusion of the State's case, appellant moved for an instructed verdict on the ground that the information failed to allege an offense upon which he could be tried. The motion was overruled, and appellant was convicted as charged and sentenced to thirty days in jail, probated for one year, plus a $200.00 fine and costs.

Appellant contends, in two points of error, that the information was fundamentally defective. He argues that it failed to allege an essential element and that it did not allege a required culpable mental state. The statute under which appellant was charged states in pertinent part:

> (a) A person commits an offense if he knowingly engages in any of the following acts in a public place ...:
>
> (3) an act of sexual contact[.]

TEX.PENAL CODE ANN. § 21.07(a)(3) (Vernon 1989). Sexual contact is defined as "any touching of the anus, breast, or

any part of the genitals of another person *with intent to arouse or gratify the sexual desire of any person.*" TEX.PENAL CODE ANN. § 21.01(2) (Vernon 1989) (emphasis added).

Appellant argues that by deleting the phrase "with the intent to arouse and gratify the sexual desire of said defendant," the information was rendered fatally defective because an essential element concerning intent was deleted, and the information failed to allege an offense.

At oral argument, the State contended that appellant waived the right to object to the alleged defect because he failed to timely object to the information as amended. The State relies on article 1.14(b) of the Texas Code of Criminal Procedure, which provides that if the defendant fails to object to a defect, error, or irregularity of form or substance in an information before trial on the merits begins, he waives and forfeits the right to object to the defect, error, or irregularity, and he may not raise the objection on appeal. *See* TEX. CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1989); *Van Dusen v. State*, 744 S.W.2d 279, 279–80 (Tex.App.—Dallas 1987, no pet.).

■ This argument fails to recognize the distinction between jurisdictional defects and insufficient notice of the offense charged. When an information is challenged as not having provided the defendant with adequate notice of the acts alleged, the indictment is examined from the defendant's viewpoint. The issue is waived if not raised by motion because it is presumed that the information gives an accused sufficient notice for preparation of a defense if he proceeds to trial without complaint. *See Ex parte Kirby*, 626 S.W.2d 533, 534 (Tex.Crim.App.1981). However, a defect in the charging instrument relating to jurisdictional requirements cannot be "cured" by subsequent proceedings and cannot be waived. Judicial action without jurisdiction is void. *Kirby*, 626 S.W.2d at 534.

■ The Texas Constitution states that the presentment of an information to a court invests the court with jurisdiction of the cause. It defines an information as a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. TEX. CONST. art. V, § 12(b). An instrument that does not charge the commission of an offense is not a charging instrument under the Constitution and does not invest a court with jurisdiction. Such a defect may be raised at any time, and the failure to object is not fatal to an appeal. *See Kirby*, 626 S.W.2d at 534; *Studer v. State*, 757 S.W.2d 107, 110 (Tex.App.—Dallas 1988, pet. granted); *Milam v. State*, 742 S.W.2d 810, 814–15 (Tex.App.—Dallas 1987, pet. granted); *see also Aylor v. State*, 727 S.W.2d 727, 730 (Tex.App.—Austin 1987, pet. ref'd). The appellant does not contend that the information fails to give him notice but that the information, as amended, does not charge an offense and is fundamentally defective. We reject the State's waiver argument.

An indictment that lacks an essential element of the offense sought to be charged does not charge an offense against the laws of Texas and is fundamentally defective. *See Ex parte Elliott*, 746 S.W.2d 762, 763–64 (Tex.Crim.App.1988); *Whetstone v. State*, 739 S.W.2d 650, 652 (Tex.App.—Dallas 1987, pet. granted). An indictment that fails to allege a culpable mental state is fundamentally defective and is utterly insufficient to invoke the trial court's jurisdiction. *See Kirby*, 626 S.W.2d at 534. The State contends that the information does not lack an essential element. The State argues that the information tracks the statutory language and in such cases is ordinarily sufficient to allege an offense. *See Ward v. State*, 642 S.W.2d 782, 783 (Tex.Crim.App.1982). The State also notes that the information alleges "sexual contact." The State argues that where a term such as "sexual contact" has been legislatively defined, it is not necessary to place that definition in the information when the substantive offense is defined in terms of a word or words that have been assigned technical meanings. *See Baldwin v. State*, 538 S.W.2d 109, 112 (Tex.Crim.App.1976) (op. on reh'g); *see also Thomas v. State*,

621 S.W.2d 158, 161 (Tex.Crim.App.1981) (op. on reh'g).

We note that this rule applies when the definitions of the terms are essentially evidentiary. *See Thomas,* 621 S.W.2d at 161; *Brown v. State,* 717 S.W.2d 763, 764 (Tex. App.—San Antonio 1986, no pet.), *overruled on other grounds, Solis v. State,* 742 S.W.2d 873 (Tex.App.—San Antonio 1987, pet. ref'd). The Texas Court of Criminal Appeals has held that the definition of "sexual contact" is more than merely evidentiary. The court stated that part of the specialized meaning of sexual contact is the requirement that the acts described therein be committed with a particular intent. The court held that such intent is a material fact and an essential part of the description of the offense. *See Victory v. State,* 547 S.W.2d 1, 3 (Tex.Crim.App.1976) (op. on reh'g); TEX.CODE CRIM.PROC.ANN. art. 21.05 (Vernon 1989). In *Victory,* the offense charged was indecency with a child by engaging in sexual contact with the child. The court reversed because the indictment failed to allege "intent to arouse or gratify the sexual desire of any person," a culpable mental state. *Victory,* 547 S.W.2d at 2. The court of criminal appeals later held that an indictment using the same words as the indictment in *Victory* was fundamentally defective. *See Slavin v. State,* 548 S.W.2d 30, 31 (Tex.Crim.App. 1977). The intent element is material to consummated sexual contacts. *Cardenas v. State,* 640 S.W.2d 291, 292 (Tex.Crim. App.1982).

█ We conclude that we are bound by *Victory* and *Slavin.* For the same reasons set forth in these cases, the information in this case was fundamentally defective. It did not charge an offense, and the trial court was without jurisdiction.

We reverse the trial court's judgment and order the information dismissed.

KINKEADE, J., dissents.

KINKEADE, Justice, dissenting.

I respectfully dissent.

Article 1.14(b) provides:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1989). The major objective of article 1.14(b) is to eliminate "sand bagging" by defense counsel. *Van Dusen v. State,* 744 S.W.2d 279, 280 (Tex.App.—Dallas 1987, no pet.).

The facts of this case show that the State deleted the intent portion of the information and that appellant acquiesced. The trial court specifically asked appellant whether he objected to the deletion, and appellant failed to object. After the trial began and the State rested, appellant moved for an instructed verdict on the basis that the information failed to allege any intent, which was an element of the offense. Appellant's strategy was to sand bag.

Because the deletion of the intent language occurred on the day of trial, appellant could not object "before the date on which the trial on the merits commences," as required by article 1.14(b); nevertheless, in this instance, it is clear that, in order to preserve error, appellant had to object before the trial actually commenced. Had appellant objected, the trial court could have corrected the error in a timely fashion, and article 1.14(b)'s objective of eliminating sand bagging would have been met. Had appellant objected and the trial court overruled his objection, the majority's analysis would apply, the conviction would be reversed, and the information would be dismissed.

Because appellant did not object and sand bagged, this Court must determine the effect, if any, of article 1.14(b) on appel-

lant's case. The majority holds that article 1.14(b) has no effect. The majority holds that because the information failed to allege any intent, the information failed to charge an offense and, therefore, failed to invest the trial court with jurisdiction. The majority does not define what an information is or what constitutes charging an offense for jurisdictional purposes. The 1985 amendment to article V, section 12 of the Texas Constitution is the starting point for the answer to both definitions.

Article V, section 12 of the Texas Constitution provides:

> An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX.CONST. art. V, § 12. The issue is whether the constitutional definition of "charging an offense" is to be read technically or practically. In *Studer v. State,* 757 S.W.2d 107, 110 (Tex.App.—Dallas 1988, pet. granted), this Court agreed with the following comments regarding the constitutional definition of "charging an offense" for purposes of giving a trial court jurisdiction:

> It is possible and preferable, and more likely consistent with electoral understanding, to define "charging ... an offense" as requiring only that the instrument make reasonably clear what criminal offense the grand jury intended. If this can be ascertained from the instrument, it should be regarded as an indictment or information. Presentment of it should give the trial court jurisdiction.

Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform,* 38 Baylor L.Rev. 1, 43 (1986).

The information, quoted in the majority opinion, makes it reasonably clear that it intended to (and in fact did) charge appellant with public lewdness. Pursuant to *Studer,* the information, even without the intent allegation, was sufficient to identify the offense. The majority acknowledges that appellant does not argue that the information failed to give him notice.

Article V, section 12 of the Texas Constitution and article 1.14(b) of the Texas Code of Criminal Procedure reflect amendments made in 1985. The majority relies upon *Cardenas v. State,* 640 S.W.2d 291, 292 (Tex.Crim.App.1982); *Ex parte Kirby,* 626 S.W.2d 533, 534 (Tex.Crim.App.1981); *Slavin v. State,* 548 S.W.2d 30, 31 (Tex.Crim. App.1977); and *Victory v. State,* 547 S.W.2d 1, 3 (Tex.Crim.App.1976) (op. on reh'g), which were all decided before the 1985 amendments. Therefore, those cases do not address the issue before the Court. The majority relies upon *Milam v. State,* 742 S.W.2d 810, 814–15 (Tex.App.—Dallas 1987, pet. granted), and *Aylor v. State,* 727 S.W.2d 727, 730 (Tex.App.—Austin 1987, pet. ref'd). *Milam* and *Aylor* are not omitted-element cases; rather, both address whether article 1.14(b) applies where a defendant fails to object to an indictment that attempts to use a criminal statute retroactively. *Milam* and *Aylor* address a different issue and are not dispositive of the issue before this Court. The majority also relies upon *Ex parte Elliott,* 746 S.W.2d 762, 763–64 (Tex.Crim.App.1988). *Elliott* does not address the 1985 amendments. The apparent reason for this omission is because Elliott's trial was before the 1985 amendments, because the indictment alleges the offense occurred in November 1981; therefore, the 1985 amendments would not apply. *Elliott* also fails to address the issue before the Court. The majority also relies upon *Whetstone v. State,* 739 S.W.2d 650 (Tex.App.—Dallas 1987, pet. granted). *Whetstone* involved a 1984 guilty plea and a 1986 revocation of probation. *Whetstone* does not mention the 1985 amendments. With one exception, *Whetstone* relies upon cases decided before the 1985 amendments. The one exception *Whetstone* relies upon is *Tweedy v. State,* 722 S.W.2d 30, 31 (Tex. App.—Dallas 1986, pet. ref'd). In footnote

one of *Tweedy*, this Court said that Tweedy was tried before the effective date of the amendment to article 1.14. Therefore, *Whetstone* relied strictly upon case law decided before the 1985 amendments and did not address whether the 1985 amendments changed the law. Furthermore, because *Whetstone* involved what appears to be an indictment from 1984, the 1985 amendments did not apply to that case. The issue before the Court is whether the 1985 amendments have changed *Cardenas, Kirby, Slavin, Victory, Elliott,* and *Whetstone. Studer* indicates that the law has changed, and, in my opinion, *Studer* applies to this case.[1]

The only defect in the information is its failure to give the section 21.01(2) definition of "sexual contact." In my opinion, the section 21.01(2) definition of "sexual contact" is redundant and, therefore, unnecessary. *See Victory,* 547 S.W.2d at 5 (Douglas, J. dissenting). In my opinion, the allegation that appellant engaged in sexual contact by touching another person on the genitals was sufficient to charge appellant with touching another person's genitals with the intent to arouse and gratify the sexual desire of appellant.

I would affirm the judgment of the trial court.

---

1. In *Van Dusen,* this Court may have already applied article 1.14(b) to the omission of an element of an offense in an information. The opinion indicates that there was a defect in the information, but the opinion never identifies the nature of the defect. *Van Dusen,* 744 S.W.2d at 279–80. This Court in *Van Dusen* held that the appellant waived the defect by failing to object before the date of trial.