NO. 07-01-0362-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 11, 2001



______________________________




ROYCE L. WELLINGTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435469; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Pending before the Court is a "Motion for Appeal of Conviction," filed by appellant
Royce L. Wellington, an Appeals Certificate by the clerk for the 140th District Court of
Lubbock County, and a Clerk's Record as to Cause Number 2001-435,469 in the 140th
District Court of Lubbock County. We dismiss for want of jurisdiction.


 By his Motion for Appeal appellant sought the trial court's approval to appeal from
his conviction pursuant to a plea-bargained guilty plea for Aggravated Assault-Public
Servant. The judgment was signed on June 1, 2001; sentence was imposed on June 1,
2001; no Motion for New Trial was filed, except to the extent appellant's Motion for Appeal
could be construed as an untimely Motion for New Trial; appellant's Motion for Appeal was
filed on August 28, 2001. In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a
criminal defendant no later than 30 days after the date sentence is imposed in open court. 
TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under
certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be
extended, both a notice of appeal and a motion for extension of time which complies with
TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918
S.W.2d 519, 523-25 (Tex.Crim.App. 1996). 

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d at 523-25.

 To the extent appellant's Motion for Appeal is a Motion for New Trial it was not
timely to extend the time for filing notice of appeal; to the extent appellant's Motion for
Appeal is a notice of appeal, it was not timely filed. A motion to extend time to file notice
of appeal was not filed. Accordingly, this court does not have jurisdiction over this
proceeding. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The matter is dismissed for want of jurisdiction. TRAP 39.8, 40.2, 43.2. 


 Phil Johnson

 Justice



Do not publish.



title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00402-CR; 07-10-00403-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
23, 2011

 



 

EDDIE PEEL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 367TH DISTRICT COURT OF
DENTON COUNTY;

 

NO. F-2010-0942-E, F-2010-0943-E; HONORABLE LEE GABRIEL, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

MEMORANDUM OPINION

            Appellant,
Eddie Peel, entered pleas of guilty to sexual assault of a child[1]
in Cause No. 07-10-0402-CR and sexual assault[2]
in Cause No. 07-10-0403-CR.[3]  Pursuant to a plea agreement, appellant was
placed on deferred adjudication community supervision on each case.  The deferred adjudication was subsequently
adjudicated and appellant was sentenced to serve a term of confinement of 11
years in the Institutional Division of the Texas Department of Criminal Justice
(ID-TDCJ) on each case, all confinement to be served concurrently.  Appellant appeals raising
two issues.  We will affirm.

Factual and Procedural Background

            Appellant
was initially indicted on charges of sexual assault of a child and aggravated
sexual assault of a child.  See §§
22.011(a)(1), 22.021(a).  After indictment and prior to entry of a
plea, appellant and the State agreed on a plea whereby appellant would plead guilty
to the sexual assault of a child in Cause No. 07-10-0402-CR and to a
lesser-included charge of sexual assault in Cause No. 07-10-0403-CR.  In return for the pleas of guilty, appellant
was placed on deferred adjudication community supervision for a period of eight
years on each case.  No pretrial motions
were filed in either case by appellants trial counsel.

            Subsequently,
the State filed a motion in each case to adjudicate appellant guilty.  The trial court conducted a hearing on the
States motion to adjudicate and appellant entered pleas of true to each of the
allegations contained in the States motions. 
After hearing evidence regarding punishment, the trial court sentenced
appellant to confinement in the ID-TDCJ for a period of 11 years on each case.  

            Appellant
appeals contending that the indictment in Cause No. 07-10-0402-CR is
fundamentally defective, and that section 22.021 is void for vagueness as
applied to appellant.  We will affirm the
judgment of the trial court.

 

Defective Indictment 

            Appellants
first issue contends that the indictment in Cause No. 07-10-0402-CR is
defective because it fails to negate an exception to the crime, as provided in
section 22.011(e), that the actor was the spouse of the child at the time of
the offense.  Appellants theory
continues that, since the missing portion is an element of the offense, the
indictment is incomplete.  Therefore,
according to appellant, the indictment is fundamentally defective.  See Murk v. State, 775 S.W.2d
415, 416 (Tex.App.Dallas 1989), revd
815 S.W.2d 556 (Tex.Crim.App. 1991).  Further, appellant posits that a
fundamentally defective indictment does not invest jurisdiction in the trial
court.  See Beets v. State,
767 S.W.2d 711, 723 (Tex.Crim.App.
1987).  Accordingly, under appellants
theory, this type of error cannot be waived. 
See Oliver v. State, 787 S.W.2d 170, 172 (Tex.App.Beaumont 1990), revd
808 S.W.2d 492 (Tex.Crim.App. 1991).  As can be ascertained by the subsequent
history of the cases cited to support appellants position, most of the cases
have been reversed.  

            The
State posits that appellant has forfeited his complaint by not raising this
issue when the deferred adjudication was first granted.  See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App.
1999).  It is only if we are reviewing a
void judgment that this rule is not applicable. 
See Nix v. State, 65 S.W.3d 664,
667-68 (Tex.Crim.App. 2001).  Therefore, if the indictment was defective to
the point that it did not confer jurisdiction to render a judgment, then
appellant would not have to worry about the issue of preservation of this point
for appeal.  See id.

            The
problem with appellants theory, as pointed out by the State and accepted by
this Court, is that the law regarding an indictment that is so defective as to
not confer jurisdiction on the trial court has changed.  Under the Texas Court of Criminal Appealss decision in Smith v. State, a defect in an
indictment by failure to recite an element is a substance defect in the
indictment.  Smith v. State, 309 S.W.3d 10, 16-17 (Tex.Crim.App.
2010).  A substance defect in an
indictment still confers jurisdiction on the trial court.  Id. at 17.  Therefore, the conviction is not void.  Id. 
Since the conviction is not void, appellant must comport with the
requirements of article 1.14 of the Texas Code of Criminal Procedure.[4]  The record clearly bears out that there was
no objection ever lodged against this indictment in Cause No.
07-10-0402-CR.  Accordingly, appellant
has waived any purported error and his issue is overruled.

Constitutional Challenge to § 22.021

            Appellants
final issue contends that section 22.021 is unconstitutionally void for
vagueness as applied to him.  Because of
this alleged constitutional infirmity, appellant insists that we must reverse
and dismiss the case in Cause No. 07-10-0403-CR.  The record reveals that, although appellant
was indicted pursuant to section 22.021, he entered a plea of guilty to the
lesser-included offense found in section 22.011(a)(1).  Therefore, we are immediately faced with the
issue of whether or not appellant has standing to challenge the
constitutionality of section 22.021.  We
hold that appellant does not have standing to make a constitutional challenge
to section 22.021.

            To
have standing to challenge the constitutionality of a statute, the challenger
must first demonstrate an adverse impact on his rights.  See Suarez v. State, No.
14-97-00342-CR, 1999 Tex. App. LEXIS 1256 at *6 (Tex.App.Houston
[14th Dist.] Feb. 25, 1999, no pet.) (not designated for publication) (citing
Santikos v. State, 836 S.W.2d 631, 633
(Tex.Crim.App. 1992)).  In the case before the Court, appellant did
not enter a plea to any charge pursuant to section 22.021.  In the Suarez case, the appellant was attempting
to challenge the constitutionality of Texas Transportation Code section 724.061
regarding admission of the appellants refusal to give a specimen of his breath
or blood.  Id.
at *6-*7.  Suarez pleaded guilty
and did not go to trial, therefore, the court held he
had no standing to challenge the constitutionality of section 724.061 of the
Texas Transportation Code.  Id.  Here, appellant entered his plea to a reduced
charge and was not subjected to the punishment of section 22.021,
therefore, he has no standing. 
Appellants challenge is overruled.

Conclusion

            Having
overruled appellants issues, the judgment of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  











[1] See Tex.
Penal Code Ann. § 22.011(a)(2) (West Supp.
2010).

 





[2] See Tex.
Penal Code Ann. § 22.011(a)(1).

 





[3] Further reference to the Texas Penal Code Ann. will
be by reference to section ___ or § ___.





[4] Article 1.14(b) of the Texas Code of Criminal
Procedure provides: 

 

If the defendant does not object to a defect, error,
or irregularity of form or substance in an indictment or information before the
date on which the trial on the merits commences, he waives
and forfeits the right to object to the defect, error, or irregularity and may
not raise the objection on appeal or in any other postconviction
proceeding.