

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00134-CR

_____

JOHNNY CLAWSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22971

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Eighteen-year-old E.C. made a nervous witness who was extremely reluctant to give details regarding two sexual assaults allegedly perpetrated against her by Johnny Clawson, Jr., when she was less than fourteen years old. Clawson was charged with two counts of aggravated sexual assault and three counts of indecency with a child. After being found guilty and sentenced to life imprisonment for each of the two sexual assault counts and twenty years' imprisonment for each of the three indecency counts, and assessed a $10,000.00 fine for each count, Clawson appeals, challenging only the legal and factual sufficiency of the evidence supporting his convictions on the two counts of aggravated sexual assault. We affirm, because the evidence is sufficient.

We review the legal and factual sufficiency of the evidence supporting a conviction under well-established standards. In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of aggravated sexual assault beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable

2

doubt; rather, when faced with conflicting evidence, we must presume that the jury resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). The verdict will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id.* at 415 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).

Count I of the State's indictment alleged Clawson "cause[d] the penetration of the female sexual organ of [E.C.], a child younger than fourteen years of age[1] who was not the spouse of said defendant by inserting his sexual organ into the female sexual organ of [E.C.]." Count II alleged the "penetration of the female sexual organ of E.C." was caused "by inserting [Clawson's] finger or fingers." Clawson committed aggravated sexual assault if he intentionally or knowingly committed these acts with E.C. when she was younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(1)(B)(i), (iii), (2)(B) (Vernon Supp. 2009).

---

[1]It is uncontested that E.C. was under fourteen years of age during the alleged acts of sexual assault.

E.C.'s testimony against Clawson included this sequence in which she provided evidence supporting both alleged aggravated sexual assaults:

Q. Okay. Now, have there been times back in 2000 and 2003 when [Clawson] would touch you inappropriately?

A. Yes.

. . . .

Q. Okay. Can you tell the jury a time that you remember when something happened with [Clawson]?

A. A lot of things happened.

. . . .

Q. [E.C.], do you know what sexual intercourse is?

A. I've been told, but that's it.

. . . .

Q. Did [Clawson] ever do anything of a sexual nature to you?

A. Yes.

. . . .

Q. Give me an example of one thing that [Clawson] would do that you'd seen in the movies?

A. All of it.

Q. Okay, [E.C.], you've got to tell me a specific.

A. I can't.

Q.      You can.   Did he ever do anything with his hands?

A.      Yes.

Q.      What did he do with his hands?

A.      Do all sorts of stuff.

        . . . .

Q.      Can you describe to me other sexual acts that you say [Clawson] did to you?

A.      I don't think I can say it, but I can write it.

        . . . .

Q.      What part of your body does your underwear cover?   Does that part of your body have a front part and a back part?

A.      Yes.

Q.      Which part of the body would [Clawson] touch with his penis and his hands?

A.      The front.

        . . . .

Q.      The front part of a female has an inside and an outside.   Would you agree with me?

A.      Yes.

Q.      Did his penis and his fingers touch the inside or the outside of the front part that your underwear covers?

A.      Inside.

5

Q.      Outside?

A.      Inside.

Q.      When his penis would go inside the front part that your underwear covers, would it be at the same time he was doing other things?

A.      No, it would be all just - - no - -

Q.      Would his fingers and his penis be inside of you at the same time, I guess is my questions [sic]?

A.      No.

Q.      Different times?

A.      Yes.

Clawson contends this testimony was insufficient to demonstrate penetration of the female sexual organ. We disagree. The slightest penetration of the female sexual organ is sufficient to prove penetration. *See Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Penetration occurs so long as contact with the female sexual organ could reasonably be regarded by an ordinary person as more intrusive than contact with the outer vaginal lips. *Id.* "Female sexual organ" is a more general term than "vagina" and refers to the entire female genitalia, including both vagina and the vulva. *Aylor v. State*, 727 S.W.2d 727, 729–30 (Tex. App.—Austin 1987, pet. ref'd). Proof of penetration may be circumstantial. *Vernon*, 841 S.W.2d at 409; *Belt v. State*, 227 S.W.3d 339, 342 (Tex. App.—Texarkana 2007, no pet.). Here, a rational jury could find that "the front part that your underwear covers" referred to E.C.'s female sexual organ and

6

that her agreement—that Clawson's "penis and fingers" touched the "inside" and that both were, at some point, "inside" of her—established penetration of E.C.'s sexual organ in the context of the above testimony. *See Villalon v. State*, 791 S.W.2d 130, 133–34 (Tex. Crim. App. 1990). Further, Christy Lynn McGeehee attended church with E.C. and testified that, one day, when McGeehee and E.C. were alone together on an outing, E.C. "burst out and she said, [Clawson] makes me have sex with them." We find the evidence was legally and factually sufficient to establish aggravated sexual assault in the manner indicated by the State's indictment.[2]

Clawson next argues E.C.'s testimony on cross-examination that she hated Clawson makes her testimony incredible. Despite E.C.'s statement, the jury was free to believe E.C.'s and McGeehee's testimony. Giving the jury the deference it is due, we conclude the verdict was not clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence. The evidence is legally and factually sufficient.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted: May 24, 2010
Date Decided: May 25, 2010

_____

[2]The jury was also made aware that E.C. watched pornographic movies, and heard her say "everything on there is what happened" between her and Clawson. While the general characterization of the videos was that they were "pornographic" and the record contains the videos' titles, that information does not provide any specifics on what sexual acts were depicted in the videos.

Do Not Publish