NO. 07-10-00402-CR; 07-10-00403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 23, 2011

EDDIE PEEL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY;

NO. F-2010-0942-E, F-2010-0943-E; HONORABLE LEE GABRIEL, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Eddie Peel, entered pleas of guilty to sexual assault of a child[1] in Cause No. 07-10-0402-CR and sexual assault[2] in Cause No. 07-10-0403-CR.[3] Pursuant to a plea agreement, appellant was placed on deferred adjudication community supervision on each case. The deferred adjudication was subsequently adjudicated and appellant was sentenced to serve a term of confinement of 11 years in

---

[1] See TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2010).

[2] See TEX. PENAL CODE ANN. § 22.011(a)(1).

[3] Further reference to the Texas Penal Code Ann. will be by reference to "section ___" or "§ ___."

the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) on each case, all confinement to be served concurrently. Appellant appeals raising two issues. We will affirm.

Factual and Procedural Background

Appellant was initially indicted on charges of sexual assault of a child and aggravated sexual assault of a child. See §§ 22.011(a)(1), 22.021(a). After indictment and prior to entry of a plea, appellant and the State agreed on a plea whereby appellant would plead guilty to the sexual assault of a child in Cause No. 07-10-0402-CR and to a lesser-included charge of sexual assault in Cause No. 07-10-0403-CR. In return for the pleas of guilty, appellant was placed on deferred adjudication community supervision for a period of eight years on each case. No pretrial motions were filed in either case by appellant's trial counsel.

Subsequently, the State filed a motion in each case to adjudicate appellant guilty. The trial court conducted a hearing on the State's motion to adjudicate and appellant entered pleas of true to each of the allegations contained in the State's motions. After hearing evidence regarding punishment, the trial court sentenced appellant to confinement in the ID-TDCJ for a period of 11 years on each case.

Appellant appeals contending that the indictment in Cause No. 07-10-0402-CR is fundamentally defective, and that section 22.021 is void for vagueness as applied to appellant. We will affirm the judgment of the trial court.

Defective Indictment

Appellant's first issue contends that the indictment in Cause No. 07-10-0402-CR is defective because it fails to negate an exception to the crime, as provided in section 22.011(e), that the actor was the spouse of the child at the time of the offense. Appellant's theory continues that, since the missing portion is an element of the offense, the indictment is incomplete. Therefore, according to appellant, the indictment is fundamentally defective. See Murk v. State, 775 S.W.2d 415, 416 (Tex.App.—Dallas 1989), rev'd 815 S.W.2d 556 (Tex.Crim.App. 1991). Further, appellant posits that a fundamentally defective indictment does not invest jurisdiction in the trial court. See Beets v. State, 767 S.W.2d 711, 723 (Tex.Crim.App. 1987). Accordingly, under appellant's theory, this type of error cannot be waived. See Oliver v. State, 787 S.W.2d 170, 172 (Tex.App.—Beaumont 1990), rev'd 808 S.W.2d 492 (Tex.Crim.App. 1991). As can be ascertained by the subsequent history of the cases cited to support appellant's position, most of the cases have been reversed.

The State posits that appellant has forfeited his complaint by not raising this issue when the deferred adjudication was first granted. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). It is only if we are reviewing a void judgment that this rule is not applicable. See Nix v. State, 65 S.W.3d 664, 667-68 (Tex.Crim.App. 2001). Therefore, if the indictment was defective to the point that it did not confer jurisdiction to render a judgment, then appellant would not have to worry about the issue of preservation of this point for appeal. See id.

3

The problem with appellant's theory, as pointed out by the State and accepted by this Court, is that the law regarding an indictment that is so defective as to not confer jurisdiction on the trial court has changed. Under the Texas Court of Criminal Appeals's decision in Smith v. State, a defect in an indictment by failure to recite an element is a substance defect in the indictment. Smith v. State, 309 S.W.3d 10, 16-17 (Tex.Crim.App. 2010). A substance defect in an indictment still confers jurisdiction on the trial court. Id. at 17. Therefore, the conviction is not void. Id. Since the conviction is not void, appellant must comport with the requirements of article 1.14 of the Texas Code of Criminal Procedure.[4] The record clearly bears out that there was no objection ever lodged against this indictment in Cause No. 07-10-0402-CR. Accordingly, appellant has waived any purported error and his issue is overruled.

Constitutional Challenge to § 22.021

Appellant's final issue contends that section 22.021 is unconstitutionally void for vagueness as applied to him. Because of this alleged constitutional infirmity, appellant insists that we must reverse and dismiss the case in Cause No. 07-10-0403-CR. The record reveals that, although appellant was indicted pursuant to section 22.021, he entered a plea of guilty to the lesser-included offense found in section 22.011(a)(1). Therefore, we are immediately faced with the issue of whether or not appellant has

_____

[4] Article 1.14(b) of the Texas Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any other postconviction proceeding.

4

standing to challenge the constitutionality of section 22.021. We hold that appellant does not have standing to make a constitutional challenge to section 22.021.

To have standing to challenge the constitutionality of a statute, the challenger must first demonstrate an adverse impact on his rights. See Suarez v. State, No. 14-97-00342-CR, 1999 Tex. App. LEXIS 1256 at *6 (Tex.App.—Houston [14th Dist.] Feb. 25, 1999, no pet.) (not designated for publication) (citing Santikos v. State, 836 S.W.2d 631, 633 (Tex.Crim.App. 1992)). In the case before the Court, appellant did not enter a plea to any charge pursuant to section 22.021. In the Suarez case, the appellant was attempting to challenge the constitutionality of Texas Transportation Code section 724.061 regarding admission of the appellant's refusal to give a specimen of his breath or blood. Id. at *6-*7. Suarez pleaded guilty and did not go to trial, therefore, the court held he had no standing to challenge the constitutionality of section 724.061 of the Texas Transportation Code. Id. Here, appellant entered his plea to a reduced charge and was not subjected to the punishment of section 22.021, therefore, he has no standing. Appellant's challenge is overruled.

Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

5