**Larry Williams WHITSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–00883–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 22, 1993.

Stanley G. Schneider, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Larry Williams Whitsey, appeals his judgment of conviction for the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1993). Appellant waived his right to a jury trial and pled nolo contendere pursuant to a plea bargain agreement in this case, and also in a burglary of a habitation with the intent to commit sexual assault case. In accord with the plea bargain agreement, the court assessed punishment at thirty (30) years confinement in the aggravated sexual assault case and fifteen (15) years confinement in the burglary case. Both sentences were to be served in the Institutional Division of the Texas Department of Criminal Justice. Only the aggravated sexual assault judgment is the subject of this appeal. We will reverse the trial courts judgment and order the dismissal of the indictment.

Appellant brings two points of error on his appeal. He asserts that:

1) The trial court erred in denying his motion to quash the indictment because the offense was barred by the limitations for sexual assault offenses provided by TEX.CODE CRIM.PROC.ANN. art. 12.01 (Vernon 1987).

2) The trial court erred in denying his motion to set aside the indictment because the indictment was the result of prosecutorial vindictiveness.

In 1985, appellant was indicted in cause number 419,778 of burglary of habitation with intent to commit sexual assault. The date of the offense being on or about January 14, 1985. Appellant was subsequently convicted by a jury and the trial court assessed punishment at 99 years imprisonment in the Texas Department of Corrections. Appellant appealed his conviction and the Court of Criminal Appeals reversed his conviction. *Whitsey v. State*, 796 S.W.2d 707 (Tex.Crim.App.1989).

In July, 1992, the State presented the case to a grand jury which returned an indictment in the above styled and numbered cause charging the Defendant with aggravated sexual assault. This aggravated sexual assault indictment was in addition to the burglary of a habitation with the intent to commit sexual assault. However, both criminal indictments involve the same criminal episode. On August 3, 1992, appellant filed a motion to quash the indictment and a motion to set aside the indictment. On August 5, 1992, a hearing was held and the trial court denied both of appellant's motions. On the same day appellant entered a plea of no contest and the trial judge found him guilty of the offenses of burglary of a habitation and aggravated sexual assault. Appellant's punishment was assessed in accordance with the plea agreement at fifteen years in prison on the burglary and thirty years on the aggravated sexual assault. The trial court gave appellant permission to appeal the adverse rulings of the two pretrial motions denied prior to his appeal.

In his motion to quash, appellant asserted that the indictment was barred by limitations under TEX.CODE CRIM.PROC.ANN. art. 12.01 (Vernon Supp.1993). Paragraph VIII in the motion to quash provided:

> The delay in bringing the indictment has caused the defendant's right protected by TEX.CODE CRIM.PROC.ANN. art. 1.04, 1.05, 1.10, 12.01, 21.03, 21.04, 21.00 and 21.15 to be specifically abrogated.

During the pretrial hearing, trial counsel stated:

... in regards to the motion to quash, the delay in bringing the indictment, we have alleged it should be barred because of the ... seven year delay in bringing in a new charge.

He further stated:

As we have alleged in paragraph 6 of the motion, we believe that the delay in bringing this prosecution should also be barred by 21.02, section 6, 27.08, section 2, and all the statutory provisions that had been set out specifically in paragraph 8 of the motion to quash.

During the hearing, the following occurred in regards to the motion to quash:

DEFENSE ATTORNEY: Your Honor, we're talking about substance of the indictment itself, the way it is written, as alleging that should bar its prosecution, all of the substance defects in this indictment itself should bar its prosecution in this case.

THE COURT: Because of the seven year delay?

DEFENSE ATTORNEY: Because of the seven year delay.

THE COURT: Okay. Now, what's the other basis of the motion to quash?

DEFENSE ATTORNEY: Well, I cited all the statutory sections. I pointed the court specifically to section 6 and section 8, **specifically 12.01 in the Code,** and should bar the prosecution in this cause. (emphasis added)

In his first point of error appellant asserts that the trial court erred in denying his motion to quash the indictment because the offense was barred by the limitations for sexual assault offenses provided by TEX.CODE CRIM.PROC.ANN. art. 12.01. The indictment in the instant case, which alleged that the appellant committed the offense of aggravated sexual assault on January 14, 1985, was presented and returned by the grand jury on July 10, 1992, more than seven years after the offense was allegedly committed. Under TEX.CODE CRIM.PROC.ANN. art. 12.03(d) (Vernon 1987), any offense that bears the title "aggravated" carries the same limitation period as the primary crime. The applicable statute of limitations for sexual assault offenses

provides that an indictment must be presented by a grand jury within five years after the commission of the offense. TEX. CODE CRIM.PROC.ANN. art. 12.01.

■ If an indictment shows on its face that the prosecution of the offense charged is barred by limitations, the indictment is considered so fundamentally defective that the trial court does not have jurisdiction. *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App.1977). Moreover, it is well established that the State has the burden to plead and prove any facts which would toll the statute of limitations and vest the court with jurisdiction. *Cooper v. State,* 527 S.W.2d 563 (Tex.Crim.App.1975); *State v. Hall,* 794 S.W.2d 916 (Tex.App.—Houston [1st Dist.] 1990), aff'd, 829 S.W.2d 184 (Tex.Crim.App.1992). In *Donald v. State,* 306 S.W.2d 360 (Tex.Crim.App.1957), the Court of Criminal Appeals held that an indictment was insufficient where factors urged by the state as tolling the limitations were not alleged in the indictment.

In the instant case, the trial court took judicial notice of appellant's indictment which on it's face shows that it was returned outside the five year period of limitations for a sexual assault offense. Further, the State failed to allege any facts in the indictment or introduce any evidence at the hearing that would toll the statute of limitations in this case. During the pretrial hearing, appellant's counsel repeatedly argued that the delay in returning the indictment violated his rights. Moreover, appellant argued that "all substantive defects in the indictment itself should bar prosecution in this cause." The trial court sought further clarification as to the argument and questioned appellant's counsel if he was referring to "the seven year delay." Appellant's counsel responded that he was indeed referring to the seven year delay and pointed the court specifically to section "12.01 ... which should bar prosecution in this cause."

Additionally, trial counsel argued prosecution was barred because of TEX.CODE CRIM.PROC.ANN. art. 21.02(6) and TEX.CODE CRIM.PROC.ANN. art. 27.08. Article 27.08 provides four exceptions to the general rule

that errors in indictments are not objectionable substantive defects. Specifically § 27.08(2) provides that there are no exceptions to the substance of an indictment except "that it appears from the face thereof that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the in the indictment." TEX.CODE CRIM. PROC.ANN. art. 21.02(6) provides that:

An indictment shall be deemed sufficient if it has the following requisites: (6) The time mentioned must be some date anterior to the presentment of the indictment, **and so not remote that the prosecution of the offense is barred by limitations.** (emphasis added)

In appellant's pretrial motion as well as during the hearing, he asserted that the indictment did not comport with sections 12.01, 21.02(6) and in particular was defective under 27.08(2). Thus, appellant properly raised his objection to the substantive error in the indictment at the pre-trial hearing as required under TEX.CODE CRIM.PROC. ANN. art. 1.14(b) (Vernon Supp.1993). *See, Studer v. State,* 799 S.W.2d 263 (Tex.Crim. App.1990).

■ We find that the trial court erred in denying appellant's motion to quash because the indictment on it's face contains a substance defect wherein the indictment was returned more than five years after the date of the alleged offense on January 14, 1985 and the indictment failed to allege any factors tolling the statute of limitations. The indictment failed to vest jurisdiction in the trial court in that it was returned seven years after the date of the offense.

The State concedes that appellant correctly argues that the prosecution of this offense was barred by the statute of limitations. It is the State's position that any complaint appellant may have had concerning the statute of limitations has been waived. The State claims that appellant's motion to quash carefully attempted to preserve the issue of limitations without alerting the court or prosecutor to the defect. The state also contends that not once did appellant's counsel use the phrase "statute of limitations." We have reviewed the record and find that Paragraph VIII of the motion to quash provided:

The delay in bringing the indictment has caused the defendant's right protected by TEX.CODE CRIM.PROC.ANN. art. 1.04, 1.05, 1.10, 12.01, 21.03, 21.04, 21.00 and 21.15 to be specifically abrogated.

And during the pretrial hearing, trial counsel stated:

... in regards to the motion to quash, the delay in bringing the indictment, we have alleged it should be barred because of the ... seven year delay in bringing in a new charge.

He further stated:

As we have alleged in paragraph 6 of the motion, we believe that the delay in bringing this prosecution should also be barred by 21.02, section 6, 27.08, section 2, and all the statutory provisions that had been set out specifically in paragraph 8 of the motion to quash.

We find that appellant called the court's and the State's attention to the error in the indictment both in the motion to quash the indictment, and during the hearing on the motion before the court.

■ The State further alleges that appellant's motion to quash was untimely pursuant to TEX.CODE CRIM.PROC.ANN. art. 1.14(b) which states:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding.

The State alleges that appellant filed his motion to quash on August 3, 1992 two days before the trial but did not present the motion to the court until the day of trial, namely, August 5, 1992. Because the motion was not presented to the court before the day of trial, the State claims the motion was untimely. We find that appellant timely filed and had a hearing on his motion to quash the indictment pursuant to art. 1.14(b) of the Texas Code of Criminal

Procedure. We sustain appellant's first point of error. We need not address appellant's second point of error because of our disposition of his first point of error.

Accordingly, the judgment of the trial court is reversed and we order the court to dismiss the indictment in Cause 638,257.