**Dawne Butler PRUDHOME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14-97-00574-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 1999.

Frederick K. Wilson, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

MAURICE E. AMIDEI, Justice.

Dawne Butler Prudhome appeals her conviction by a jury for fraudulently possessing or attempting to possess a controlled substance by using a fraudulent telephonically communicated prescription. TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(4)(C) (Vernon 1992 & Supp. 1999). The trial court assessed her punishment at 25 years imprisonment, enhanced by two prior felony convictions. In one point of error, appellant contends the trial court erred in overruling her motion to quash the indictment which failed to allege a culpable mental state, and she is entitled to a new trial because the indictment was fundamentally defective. We affirm.

On February 8, 1996, appellant telephoned a pharmacist and gave him a prescription for a controlled substance, dihydrocodeinone, using a fictitious name, Carlton Farnell, for the patient. The pharmacist called the doctor about the prescription, and was informed that the doctor had not ordered any prescription for Carlton Farnell. Appellant went to pick up the prescription, and the pharmacist told her he did not have it. The pharmacist took appellant's driver's license number, and reported it to the police when she left the premises. Appellant and her accomplice, Carla Hill, tried to pass the prescription at another pharmacy and were arrested by police officers.

Appellant contends she is entitled to a new trial because she filed a motion to quash the indictment alleging:

### I.

The case, as indicted, fails to state a cause of action.

### II.

Without the Defendant being made aware of the offense being set forth in plain and intelligible words, the information [sic] is fundamentally defective.

The motion to quash was filed June 26, 1996, and the case was tried on May 12, 1997. There was no pretrial hearing set for a hearing on appellant's motion to quash pursuant to article 28.01(4), Texas Code of Criminal Procedure. On the date of the trial, but prior to the commencement of the trial, appellant's counsel told the trial court:

MR. ONCKEN: Okay. And again my position on the record at this point and time is that the State has not alleged an offense, I think a material one and essential part of every offense is to allege the culpable mental state. The indictment in this case does not do so adequately and I believe that's fundamental error that can be raised the first time on appeal.

I understand, Your Honor, your position is contrary to that and that's my position on the record. I want it to be known that

that position was discussed with the client prior to today.

THE COURT: Yeah I understand your position. I am relying on Article 1.14(b) of the Code of Criminal Procedure so the jury charge will include intentionally and knowingly even though the indictment does not.

MR. ONCKEN: Okay. I guess I've made my objection on the record it's being overruled.

THE COURT: Yes, sir.

■■■ On this appeal appellant contends she brought the "substance of the motion to the court's attention during a pre-trial hearing conducted on the day of the trial." Appellant argues that the motion to quash was on file for a year before the trial, and she is in compliance with article 1.14(b), Texas Code of Criminal Procedure, and the trial court erred in overruling her objection to the substantive defect. The defect in this case was that the indictment fails to allege a culpable mental state that appellant "intentionally and knowingly" possessed or attempted to possess the controlled substance by fraud. Article 1.14(b), Texas Code of Criminal Procedure, provides:

(b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he, waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to the indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 1977 & Supp.1999, effective December 1, 1985).

■■■ Failure of an indictment to allege a culpable mental substance, is a defect of substance. *State v. Murk*, 815 S.W.2d 556, 557 (Tex.Crim.App.1991). In *Murk*, the court of criminal appeals reiterated its holding in *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App. 1990) that under article 1.14(b), Texas Code

of Criminal Procedure, a defendant must object to a defect of form or substance before he can complain about it on appeal. *Id.*

Appellant argues that this court in *Whitsey v. State*, 853 S.W.2d 769 (Tex.App.-Houston[14th Dist.] 1993, pet. ref'd) found that the appellant preserved error in an indictment by filing a motion to quash two days prior to trial and presenting the motion to quash during a pre-trial hearing on the day of trial. *Id.* at 772–73. In *Whitsey*, appellant filed a motion to quash the indictment and asserted in the motion that the indictment was barred by limitations under article 12.01, Texas Code of Criminal Procedure. *Id.* at 770. Whitsey filed his motion to quash the indictment on August 3, 1992, and on August 5, 1992, a *hearing* was held on appellant's motion to quash and a motion to set aside the indictment. *Id.* After this pre-trial hearing, and on the same day, appellant entered a plea of no contest. The trial judge found him guilty of the offenses, and gave appellant permission to appeal the adverse rulings of the two pretrial motions denied prior to his plea. *Id.* This court held: "Thus appellant properly raised his objection to the substantive error in the indictment at the pre-trial hearing as required" under article 1.14(b), Texas Code of Criminal Procedure. *Id.* at 772. The *Whitsey* court refers to the trial court proceedings as a "hearing" and a "pretrial motion," and not a *trial on the merits*. *Id.* In this respect, *Whitsey* is procedurally and factually different from this case and does not apply. In this case, appellant raised her oral "objection" on the date of the commencement of the *trial on the merits*, not at a "hearing" on a guilty plea after a hearing on a "pretrial motion" to suppress. Furthermore, Whitsey's motion to quash specifically addressed the defect in the indictment, whereas the motion in this case is a general or "form" motion containing only general allegations of failure of the indictment to state a cause of action. We find *Whitsey* is not authority for appellant's proposition that his motion and objection were timely filed pursuant to article 1.14(b).

Although filed a year before the date of trial on the merits, appellant's motion did not specifically allege any manner in which the

indictment was deficient. Appellant's form motion was a "general allegation of inadequate notice, which *in itself* failed to adequately inform the trial judge of the manner in which notice was deficient." *Jones v. State,* 672 S.W.2d 798, 800 (Tex.Crim.App. 1984). *See also Wright v. State,* 729 S.W.2d 123, 125 (Tex.App.-Beaumont 1987, pet. ref'd)( on appeal, appellant argued the indictment did not set forth in plain and intelligible words each element of the offense, and court of appeals found motion nothing more than a "form" motion that did not give trial court notice of his complaint). In *Jones* a motion to quash an indictment for theft stated, in pertinent part:

> [T]he indictment is vague and uncertain and fails to be or contain a plain, concise and definite written statement of the essential facts constituting the offense sought to be charged.

### II.

The indictment states conclusions rather than facts.

### III.

The indictment does not adequately and fairly inform the defendant of the offense or offenses sought to be charged against him . . . .

*Jones,* 672 S.W.2d at 799.

■ Because the motion failed to adequately inform the trial judge of the manner in which notice was deficient, ·the court of criminal appeals held that "the fundamental constitutional protections of adequate notice and due process have not been invoked." *Id.* at 800. Furthermore, "an oral motion expanding upon or raising a different ground from the written motion will not cure the inadequacies of the written motion to quash." *McDonald v. State,* 692 S.W.2d 169, 174–75 (Tex.App.-Houston[1st Dist.] 1985, pet ref'd)("form" motion to quash indictment containing general allegations of inadequacy of notice was itself not adequate to raise sufficiency of the indictment). In this case, we find that appellant's motion to quash was itself not adequate to inform the trial judge of the failure of the indictment to allege a

culpable mental state. *Jones,* 672 S.W.2d at 800. We also find that appellant's oral motion on the date of the trial expanding upon or raising a different ground from her written motion did not cure the inadequacies of her motion to quash. *McDonald,* 692 S.W.2d at 174–75. We hold that appellant did not object to the alleged defect of substance in the indictment before the date on which the trial on the merits commenced, and she has forfeited her right to object to the defect on this appeal. We overrule appellant's sole point of error and affirm the judgment of the trial court.