The STATE of Texas, Appellant,

v.

Rafael SANCHEZ, Appellee.

No. 05–02–00717–CR.

Court of Appeals of Texas,
Dallas.

April 10, 2003.

Rehearing Overruled May 28, 2003.

Discretionary Review Granted
Oct. 1, 2003.

Discretionary Review Granted
June 30, 2004.

Michelle Poblenz Skov, Asst. Dist. Atty., Michael Acuna, Matthew R. Filpi, Asst. Dist. Atty., Dallas, for appellant.

Katheryn Heather West, Jim Moore, Moore, Gunter & Bruneman, Dallas, for appellee.

Rafael Sanchez, Red Oak, pro se.

## OPINION

MOLLY FRANCIS, Justice.

Rafael Sanchez was charged with a consumer affairs violation in a City of Dallas municipal court of record. On the day the case was set for trial, Sanchez made an oral motion to quash the complaint, and the trial court granted the motion. The State appealed to the County Criminal Court of Appeals, arguing the motion was untimely and the municipal court therefore erred in granting the motion. The County Criminal Court of Appeals affirmed, and the State appealed to this Court.

To resolve the issue presented, we must address the meaning of the language "before the date on which the trial on the merits commences" in article 45.019(f) of the Texas Code of Criminal Procedure. For the reasons set out below, we conclude the oral motion was timely. Consequently, we affirm the judgment of the County Criminal Court of Appeals.

Chapter 45 of the Texas Code of Criminal Procedure governs actions in the justice and municipal courts. All pleadings of the defendant may be oral or in writing as the court may direct. TEX.CODE CRIM. PROC. ANN. art. 45.021 (Vernon Supp.2003). Article 45.019(f) provides:

If the defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument *before the date on which the trial on the merits commences,* the defendant waives and forfeits the right to object to the defect, error, or irregularity. Nothing in this article prohibits a trial court from requiring an objection to a charging instrument be made at an earlier time.

*Id.* art. 45.019(f) (emphasis added). The State asserts the motion was untimely because it was presented on the day the case was scheduled to go to trial.

When we interpret statutes, we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of the text at the time of its enactment. *Id.* "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add to or subtract from such a statute." *Id.* An exception to this rule is if the statute's plain meaning would lead to absurd consequences that the legislature could not *possibly* have intended. *Id.*

Here, the statute requires a defendant to object to the charging instrument "before the date on which the trial on the merits *commences* " or waive that objection. Commence means to "begin, start" or "to initiate formally by performing the first act." WEBSTER'S THIRD NEW INT'L DICTIONARY 456 (1981). Thus, giving the words of the statute their plain meaning, a municipal court defendant must object before the date on which the trial *begins* or *starts* or waive his complaint. In other words, some act must be performed to

begin the actual trial before waiver occurs. To give the statute the meaning advanced by the State would require this Court to improperly add language, in particular the word "scheduled" or "set," to the statute that is not there. "Scheduled" to commence does not equate with actual commencement of trial; an event can be scheduled to occur but then be reset. The statute cannot have the meaning advanced by the State.

Moreover, the exception does not apply in this case because a plain-meaning application would not lead to absurd results. To the contrary, the statute allows the judge to hear a motion to quash on the day the case is scheduled for trial. If a municipal court judge grants the motion to quash, the State has two options: (1) it can challenge the ruling by appeal under article 44.01(a)(1) of the code of criminal procedure or (2) it can simply refile the complaint. The ultimate result is that a judge has the ability to ensure the complaint is not defective prior to trial, if presented with a motion to quash.

On the other hand, if the judge denies the motion (thereby suggesting the grounds in the motion to quash are not meritorious) and commences trial, the defendant has waived his complaint. If the judge denies the motion but does not begin trial on that day, the defendant's motion is timely and may be considered on appeal. We cannot conclude these consequences could not possibly have been intended by the legislature.

■ Having considered the meaning of the statute, we turn to the facts of this case. We begin by noting there is no reporter's record from the municipal court hearing because the judge refused the State's request that one be made. Thus, we have only the clerk's record to review. While the absence of a reporter's record has not hampered our ability to resolve the precise legal question presented, we re-mind the municipal court judge of the statutory requirements regarding records. *See* TEX. GOV'T CODE ANN. § 30.00010 (Vernon Supp.2003).

In its original brief, the State does not argue, nor does our record reflect, that *any* act was performed that commenced the trial on the merits. Rather, in a one-page brief, the State simply asserted Sanchez "orally presented the motion on the very same day that the case was set for trial on the merits." Because the State failed to argue in its original brief that trial had already commenced when Sanchez moved to quash the complaint, it is not necessary to the disposition of this appeal, and in fact would be *dicta,* to determine precisely what actions would constitute commencement of trial on the merits in a bench trial or jury trial.

We note that, in a reply brief, the State asserts in a single sentence that the motion to quash itself constituted commencement of trial. Texas Rule of Appellate Procedure 38.3 permits an appellant, in its reply brief, to address "any matter in the appellee's brief." TEX.R.APP. P. 38.3. However, a reply brief is not intended to allow an appellant to raise new issues. Whether presentment of a motion to quash would constitute commencement of trial on the merits was not an issue raised by appellee's brief. Consequently, we need not consider the matter as it is a new issue raised in the State's reply brief.

Regardless, the State's assertion is without merit and would render the statute meaningless. If trial begins with a motion to quash, a motion to quash could never be timely presented on the date before trial on the merits commences. In other words, all motions to quash, regardless of when presented, would be untimely.

The State has not shown that Sanchez's motion was untimely; consequently, the trial court did not err in considering the motion presented on the day the case was

scheduled for trial. We resolve the issue against the State.

We affirm the judgment of the County Criminal Court of Appeals.

JAMES and LANG, JJ., dissenting separately.

Dissenting Opinion by Justice LANG.

I join Justice James's dissent, which suggests that principles of statutory construction require the conclusion that the trial court erred in granting Sanchez's oral motion to quash. However, I write separately to suggest that a defendant's objection to the charging instrument should be in writing, filed "before the date on which the trial on the merits commences," and considered in a hearing before the trial court in order to preserve the objection on appeal.

## THE MAJORITY'S HOLDING

I join Justice James in respectfully dissenting from the holding of the majority. My concern is founded upon the fact that article 45.019(f), by its clear language, requires a defendant to "object" to any defect "in a charging instrument before the date on which the trial on the merits commences." The majority's holding upon which I focus concludes that an "objection" need not be heard before the date the trial is scheduled. It appears to me that the reasoning of the majority on this point turns, in part, on the fact that this case comes to us from a corporation court, where the procedure is intended to be more relaxed. For instance, pleadings and motions in justice and corporation courts need not be in writing unless directed by the court. *See* TEX.CODE CRIM. PROC. ANN. art. 45.021 (Vernon Supp.2003). Accordingly, motions or objections are typically presented orally on the day a case is scheduled for trial.

The State argues that this last minute objection by Sanchez violated the code and gave it insufficient notice such that no time was available before trial to amend and thereby correct the complaint. I believe that the State's position has merit. However, I also believe that, without intending to do so, the majority's holding has adversely affected the rights of defendants.

I respectfully suggest that the majority leaves the process of *when* and *how* to "object" in a state of some uncertainty. Certainly, the majority's holding creates negative ramifications for the State by allowing this last minute, informal objection. However, the effect on a defendant is that he is left to "gamble" as to whether he will risk waiver by waiting until the date a case is scheduled for trial to make his "objection." The risk and uncertainty which a defendant faces as a result of the majority's interpretation of the code section cannot be one which was envisioned by the legislature. Therefore, I cannot agree with the majority's statement that "[w]e cannot conclude that these consequences could not possibly have been intended by the legislature." To the contrary, I respectfully contend that the majority's interpretation paves the way for potential consequences which are so unfair to defendants that the legislature could not have intended them. Such a result flies in the face of the presumption that the legislature intended to enact a just and reasonable statute. *See* TEX. GOV'T CODE ANN. § 311.021(3) (Vernon Supp.2003) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended."); *see also Cole v. Tex. Employment Comm'n*, 563 S.W.2d 363, 367 (Tex.Civ. App.-Fort Worth 1978, writ dism'd) (presumption that legislature intended a just and reasonable result in enacting legislation).

The risk or "gamble" to which I refer above is created by the majority's interpretation of the phrase in article 45.019(f): "the date on which the trial on the merits

commences." The meaning of "commences" is pivotal. The majority holds that since trial might not "commence" (i.e., "begin") on the date the case is scheduled for trial, a defendant may make an oral objection on that date. If the trial court sustains the objection, it is *timely* and *preserved*, even though the State will have had no notice of it until the parties are called to the bench for trial announcements. On the other hand, if the trial court overrules the objection and then proceeds to trial that day, the objection is *untimely* and any error is *waived.*

Under the rule found by the majority, the defendant is put to an election of whether to risk the possibility that the judge will overrule his objection and continue to trial. If the defendant guesses wrong and the court overrules what might be a meritorious objection on appeal, the defendant is foreclosed from raising the issue in an appellate argument. Thus, a defendant who proceeds according to the "informal," oral, and last-minute process cultivated and used in justice and corporation courts exposes himself to the risk that he may fail to preserve his objection. In my mind, such a system is no better than a spin of the wheel of chance. Such an uncertain process does not conform with the basic fairness and predictability requirements of procedural due process. *See Zinermon v. Burch,* 494 U.S. 113, 125–127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (due process encompasses a guarantee of fair procedure); *see also Long v. State,* 742 S.W.2d 302, 320 (Tex.Crim.App.1987), *overruled in part on other grounds by Briggs v. State,* 789 S.W.2d 918, 923 (Tex. Crim.App.1990) (due process is in itself essentially fairness or at the very least is the vehicle used to arrive at fairness).

### EXPANDING ON JUSTICE JAMES'S DISSENTING OPINION

Although I concur with the reasoning of Justice James's dissent, I go further. Jus-

tice James specifically says that he *would* require that the defendant make his objection before the scheduled trial date, but he would *not* require that a pretrial hearing be scheduled. While I agree that a defendant should make his objection before the scheduled trial date, I suggest that a "better practice" is to require the motion to be *in writing* and *filed* before the date on which trial on the merits commences in order to preserve the objection. Additionally, I suggest the defendant must request that his objection be considered in a hearing prior to the commencement of trial. Such a hearing may be conducted by the trial court on the same date it has set the case for trial, but before any other part of the case is pursued.

I am certainly mindful that pleadings and motions in justice and corporation courts need not be in writing unless directed by the court. However, the procedure I suggest would give adequate notice of the defendant's objections to the State and rid the process of the "gamble" of waiver. While I also believe such a procedure would not offend the majority's concerns as to judicial economy, I think it would unequivocally comply with the express requirements of article 45.019(f). If a defendant follows these steps, the parties *and* appeals courts would be left with no question as to whether error has been preserved. Finally, I believe this procedure is supported by the case law respecting article 1.14(b), which interprets the requirements for the preservation of one's objection to an indictment or information and governs the determination of the point at which that objection must be presented to the trial court. *See, e.g., Whitsey v. State,* 853 S.W.2d 769 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (appellant preserved error on motion to quash indictment where he filed written motion two days before trial and obtained hearing on

morning of trial); *cf. Prudhome v. State,* 989 S.W.2d 852 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (appellant did not preserve error with general or "form" motion but would have satisfied *Whitsey* with pretrial motion and hearing).

## CONCLUSION

I agree with Justice James that the majority's interpretation leads to results the legislature could not possibly have intended. However, I write separately to suggest what I believe is a straight-forward, reliable, and safe procedure for the State, defendants, and courts to employ in order to comply with the current version of the code. Finally, I suggest that, due to the majority's holding, the gamble of waiver remains. This matter can best be resolved by the legislature through revision of the statute to tell us precisely when timely objections must be made. Defendants in justice and corporation courts are entitled to a predictable and clear process for the preservation of their objections to charging instruments.

*Dissenting Opinion by Justice JAMES.*

JAMES, Justice, dissenting.

The central focus of the legal issue before us is defining "before the date on which the trial on the merits commences." In its resolution of the issue before the Court—whether Sanchez's motion to quash the charging instrument was untimely, leading to error by the municipal court in granting the motion—the majority addresses whether the date *scheduled* is the date a trial *commences.* However, the majority does not incorporate the meaning of the *before the date* statutory language in its interpretation—language crucial to the

statute's meaning. Because the majority's interpretation leads to a result the legislature could not have possibly intended, and because the majority's interpretation of the *before the date* language allows for the statutory language to apply to the date the trial is scheduled, I respectfully dissent.

## BACKGROUND

The City of Dallas charged Sanchez with a consumer affairs violation in Municipal Court Number Eight. Trial was set for October 11, 2000, and *on that day,* Sanchez appeared before the court. He made an oral motion to quash the charging instrument. The court granted Sanchez's motion to quash.

In the State's appeal to the county criminal court of appeals (pursuant to the government code [1]), the State argued Sanchez's motion was untimely because the Texas Code of Criminal Procedure requires objections to defects, errors, or irregularities in the form or substance of a charging instrument to be made *before the date the trial commences. See* TEX.CODE CRIM. PROC. ANN. art. 45.019(f) (Vernon Supp.2003). The State further argued the court did not have the "discretionary authority" under which it heard the motion, pointing to article 45.019, which provides discretion only in the court's ability to require such motions to be made at an *earlier* time. *See id.* The county criminal court of appeals affirmed the trial court's judgment, concluding the motion to quash was timely because the trial on the merits had not commenced.

The majority points out the State did not, in its original brief, argue that the trial had already commenced.[2] Regardless of the majority's contention, we need not

---

1. The briefs filed with the county criminal court of appeals are operative before this Court. *See* TEX. GOV'T CODE ANN. § 30.00027(b)(1) (Vernon Supp.2003).

2. The majority acknowledges rule 38.3 permits an appellant to "file a reply brief addressing any matter in the appellee's brief." TEX.R.APP. P. 38.3. And although I recognize, for purposes of rule 38.3, a matter may not be

decide whether hearing a motion to quash commences a trial.[3] Instead, to resolve whether the municipal court erred in granting Sanchez's motion, we need only analyze the statutory language to determine if the day set for trial is the day contemplated by the legislature as "the date on which the trial on the merits commences." In recognizing the purpose of the statutory language this Court has previously interpreted,[4] I conclude the day the case is set for trial is the only day a party may, with foresight, be on notice as to when the day the trial will commence will occur, in such a way that he may timely raise his objections to charging instruments without "sand bagging" the State.

### TIMELINESS OF MOTION TO QUASH

The Texas Code of Criminal Procedure provides guidelines for the timing of objections to charging instruments: "If the defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the defect, error, or irregularity." TEX.CODE CRIM. PROC. ANN. art. 45.019(f). The *before the date on which the trial on the merits commences* language in article 45.019 is the same language found in article 1.14(b).[5] *See id.* art. 1.14(b). That language is also similar to the code's language in article 28.10(a), which provides for the State's ability to amend a charging instrument before the "date the trial on the merits commences." *See id.* art. 28.10(a). Therefore, I see precedential value in prior analyses of articles 1.14(b) and 28.10(a).

---

considered raised by an appellee when he merely points out the absence of an appellant's argument, I disagree with the majority that the issue has been raised only in the State's reply brief. *See Barrios v. State,* 27 S.W.3d 313, 322 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). We treat an issue or point in an appellate brief as covering every subsidiary question that is fairly included. TEX. R.APP. P. 38.1(e). Furthermore, we are to liberally construe briefs in the interest of justice. *See* TEX.R.APP. P. 38.1(e), 38.9. In its original brief, the State argued article 45.019(f) controlled the issue, and that the day the case was set for trial was too late under article 45.019(f). The State clearly raised the issue of the applicability of article 45.019(f) to the case. The appellee stated, in his response to the State's point of error, "no trial on the merits had commenced" and argued that therefore, the court did not violate article 45.019(f). Sanchez argues this point in direct response to the State's assertion in its original brief that article 45.019(f) was the controlling statute on which it based its appeal. The State's reply to Sanchez's argument that article 45.019(f) does not apply because the trial had not commenced does not raise the issue for the first time in a reply brief. To the contrary, the State merely expanded its original argument (that the trial

court violated article 45.019(f)) and addressed a matter in the appellee's brief, as allowed under rule 38.3.

3. The majority also contends the statute would be meaningless if we were to find a motion to quash could "begin" a trial. The majority states, "[A]ll motions to quash, regardless of when presented, would be untimely." I do not read the State's argument in a similar manner. Instead, the State argues, and I agree, motions to quash presented *on the day the case is set for trial* are untimely. A defendant may, *any day prior to that day,* timely present a motion to quash.

4. *See Van Dusen v. State,* 744 S.W.2d 279, 280 (Tex.App.-Dallas 1987, no pet.).

5. Article 45.019 is applied specifically to procedures in justice and municipal courts. *See generally* TEX.CODE CRIM. PROC. ANN. art. 45.001 (Vernon Supp.2003). Although article 1.14(b) specifically addresses "indictments and informations" and article 45.019(f) specifically addresses "charging instruments," I see no relevant distinction in the two articles other than the additional language in article 1.14(b) which adds: "and he may not raise the objection on appeal or in any other postconviction proceeding." *Id.* art. 1.14(b).

Addressing issues of timing, the code of criminal procedure provides that a defendant who fails to object to a defective charging instrument "before the date on which the trial on the merits commences waives and forfeits the right to object to the defect." *Id.* arts. 1.14(b), 45.019(f). The county criminal court of appeals concluded the trial had not yet commenced on the day the motion was presented and granted, and therefore, the motion was timely. The narrow question before us, then, as the majority correctly points out, asks when is the *date on which the trial on the merits commences.* However, we must determine when that date occurs with an understanding defendants need notice of when that date will occur *before* it occurs, because the only time they may act, without waiver, is *before* the date on which the trial on the merits commences.

I agree with the standard of review the majority uses for statutory interpretation. In interpreting this language of the statute, I recognize we are to look to the plain meaning of the statute, applying the plain meaning in accordance therewith, unless the language is ambiguous or the results would lead to absurd consequences. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). In looking for the collective intent of the legislature, however, when the application of the plain language of a statute is ambiguous or would lead to absurd consequences the legislature could not possibly have intended, we will not apply the language literally. *Id.* We do this not to intrude upon the legislature's lawmaking powers, but rather to show respect, knowing the legislature would not act in an absurd way. *Id.*

The majority also defines *commences* as I would. However, the majority misses core aspects of the question before this Court. First, the majority does not identify the collective legislative intent or purpose of the statutory language. Second, in reading the statute's plain meaning, the majority fails to foresee the absurd results under its interpretation—results the legislature could not possibly have intended. Finally, the majority fails to apply the statutory interpretation guidelines to the entire statute before us, namely, the *before the date on which* language, in attempting to effectuate the collective legislative intent or purpose.

## The Purpose of the Statutory Language

This Court specifically reviewed article 1.14(b) and stated, "[A] motion to quash filed on the day of trial is too late." *Van Dusen v. State,* 744 S.W.2d 279, 279 (Tex. App.-Dallas 1987, no pet.). In *Van Dusen,* we explained the purpose of the rule, stating,

> A major objective of this ... rule was to aid in the elimination of "sand bagging" by defense counsel. The habit of defense counsel of not objecting until the last minute to a defective indictment or information in the trial court and then objecting on appeal if the defendant was found guilty was not favored. Consequently, the rule is drafted in such a way as to allow the prosecution to correct a defective [charging instrument] before the cause commences in the trial court.

*Id.* at 280. The trial court in *Van Dusen* denied the defendant's motion to quash, and the defendant then entered her plea the same day. *Id.* at 279. Concluding the defendant had failed to object before the date of trial, this Court affirmed her conviction. *Id.* at 280. We did not, however, distinguish between the date set for trial and the date the trial commenced. *See id.*

Under the majority's interpretation of the same *before the date the trial on the merits commences* language in article 45.019(f), a defendant may still wait until

the last minute to object. The majority even allows for the defendant to object on appeal if the defendant is found guilty if the court, for whatever reason, is unable to "begin" trial that day, after having called the case for trial. Furthermore, once an objection to the charging instrument is denied, a defendant may then use tactics to delay the "beginning" of trial solely for the purpose of being able to appeal, after having waited until the last minute to object. This is directly contrary to the objective we identified in *Van Dusen:* preventing a defendant from "sand bagging" the State.

In *Van Dusen,* we also stated the rule is drafted in a way to allow the State to correct a defective charging instrument. The majority asserts, however, the State would need to refile the complaint entirely or appeal the ruling. I see either option as a greater waste of judicial economy than allowing a correction of the charging instrument when it is objected to in a timely manner—before the day the case is set for trial.

The court of criminal appeals has also recognized the purpose of the language. In *Sodipo v. State,* the court engaged in a careful reading of article 28.10, which provides for the State's ability to amend a charging instrument *before the date the trial on the merits commences. See Sodipo v. State,* 815 S.W.2d 551, 555 (Tex.Crim. App.1990) (op. on reh'g). The court stated neither section (a) nor section (b) of the article provided for amendment on the date of trial prior to the commencement of trial on the merits. *Id.* In *Sodipo,* the lower court granted the State's motion to amend the charging instrument over the defendant's objection on the day of trial before the jury was selected. *Id.* at 555. The court of criminal appeals, however, reversed, stating the court erred in allowing the State to amend the charging instrument over the defendant's objection

"on the date of trial prior to the trial on the merits commencing." *Id.* at 556. The court stated the defendant's objection on the date of trial prior to trial commencing did not fall within the scope of article 28.10(a); it was not *before the date the trial on the merits commenced. Id.* The court concluded the trial court, "when faced with the State's motion to amend, should have denied the motion." *Id.* Although *Sodipo* is distinguishable in that it involved a situation in which the jury was impaneled the same day the court amended the charging instrument, it remains instructive to the present case, especially because on rehearing, the court did not specify the impaneling of the jury as core to its decision. *See id.* Furthermore, the court of criminal appeals stated the trial court should have denied the State's motion *when presented with it*—not when it later impaneled the jury and determined the trial had "commenced." *See id.*

As it currently reads, article 45.019(f) was added to the code of criminal procedure in 1999. *See* Act of June 19, 1999, 76th Leg., R.S., ch. 1545, § 16, 1999 Tex. Gen. Laws 5313, 5318. However, the similar language found in article 28.10(a) was first incorporated in 1985, changing the prior time line as specified in the statute. *See* Act of June 13, 1985, 69th Leg., R.S., ch. 577, § 1, 1985 Tex. Gen. Laws 2196, 2196. The former article 28.10(a) read, "Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended." Act of June 18, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 434, *amended by* Act of June 13, 1985, 69th Leg., R.S., ch. 577, § 1, 1985 Tex. Gen. Laws 2196. The 1985 change altered the time line from "any time before an announcement of ready for trial upon the merits by both parties" to "any time

before the date the trial on the merits commences."

The majority states "some act must be performed to begin the actual trial before waiver occurs." Under the old language, that "act" was the parties' announcement of ready for trial. When the legislature changed the wording, it did not merely add "before the date of" to "an announcement of ready for trial upon the merits by both parties." Instead, the legislature left "commences" undefined. The majority does not explain why the requisite act to commence the trial could not be the act of the court calling the case in open court, because it is scheduled on the court's docket. And if we do not interpret "any time before the date the trial on the merits commences" as referencing that date on which the trial is scheduled, neither the defendant, the State, nor the judge will be on notice as to when the deadline will pass until after it has passed. This would not effectuate the purpose identified in *Van Dusen* or *Sodipo*.

In an article exploring the 1985 legislative changes, Professor George E. Dix acknowledges the language in both articles 28.10(a) and 1.14(b) does not provide a clear answer to whether the language applies to action taken "the day for which the trial is scheduled but before trial commences." George E. Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform*, 38 BAYLOR L.REV. 1, 58 (1986); *see also id.* at 88. Although he reviews a variety of interpretations of the article 28.10(a) language, Professor Dix recognizes the "need for preparation and the defendant's right to preparation time" in stating "the legislature may have intended that any proposed amendments, regardless of the defendant's consent, be made sufficiently before the day scheduled for trial so that any delay *would not interfere with the trial on the scheduled date*." *Id.* at 58 (emphasis added). This reasoning follows the reasoning we used in deciding *Van Dusen* and appears to be that used by the court of criminal appeals in deciding *Sodipo*.

### Plain Meaning Interpretations and Results the Legislature Could Not Have Possibly Intended

The majority contends its interpretation would not lead to absurd results. I respectfully disagree. In doing so, I recognize that neither our Court nor the court of criminal appeals has determined the narrow issue of when "the trial on the merits commences," as stated in articles 1.14(b), 28.10(a), and 45.019(f), when the trial court has granted a motion to quash and dismissed the charging instrument. *See State v. Turner*, 898 S.W.2d 303, 306 n. 4 (Tex.Crim.App.1995), *overruled on other grounds, Proctor v. State*, 967 S.W.2d 840 (Tex.Crim.App.1998). However, this situation has been addressed by other courts of appeals, a dissent from the court of criminal appeals, and the majority. Accordingly, I will address each contention.

In analyzing the language of article 28.10(a), other courts of appeals have tried to determine when a *trial on the merits commences* for purpose of determining if a charging instrument was amended after the time authorized by statute. The Corpus Christi Court of Appeals held the trial on the merits commences when jeopardy attaches-the day the jury is impaneled and sworn. *Hinojosa v. State*, 875 S.W.2d 339, 342 (Tex.App.-Corpus Christi 1994, no pet.). The Tyler Court of Appeals reached a similar conclusion. *Dixon v. State*, 932 S.W.2d 567, 569–70 (Tex.App.-Tyler 1995, no pet.). Both of these cases involved situations wherein the jury was impaneled the same day the charging instrument was amended. *See Dixon*, 932 S.W.2d at 568; *Hinojosa*, 875 S.W.2d at 341.

I am unpersuaded by these cases. *See Eubanks v. Mullin,* 909 S.W.2d 574, 576 n. 1 (Tex.App.-Fort Worth 1995, orig. proceeding) (stating we are not bound by opinions of sister appellate courts, but we should say clearly if we disagree with such opinion). The language in article 45.019(f) does not state "when jeopardy attaches." Other states, however, have been that specific. *See* Mo. ANN. STAT § 545.300 (2002) (allowing amendments to charging instruments before the jury is sworn); TENN. R.CRIM. PROC. 7 (requiring amendments before jeopardy attaches). Our legislature could have incorporated that specific language; it chose not to. Therefore, I disagree we should interpret the statute in such a way that would restrict the statute's meaning more than what the legislature provided in its language.

A dissenting opinion from the court of criminal appeals has reviewed the *date on which the trial on the merits commences* language in relation to a situation involving a dismissed case.[6] *See Turner,* 898 S.W.2d at 309–12 (Baird, J., dissenting) (applying analysis of article 28.10(a) similarly to article 1.14(b) because the legislature enacted the two articles as part of the same legislation). In advocating a bright-line rule stating "an objection to a charging instrument is timely made on the day the case is set for trial so long as the trial on the merits does not commence on that day," Judge Baird stated the trial commences when jeopardy attaches. *Id.* at 309–10, 311. In *Turner,* the case was dismissed. *Id.* at 304. Judge Baird reasoned that because jeopardy never attached, the trial never commenced, and thus, objections to the charging instrument were timely. *Id.* at 311. Judge Baird explained further that to read article 1.14(b) as requiring objections to the charging instrument to be made on a date before the date the trial

is set would work against a trial court's management of its trial dockets. *Id.* at 312. He also reasoned trial courts do not have the time to hold pretrial hearings before the scheduled trial date. *Id.* Instead, the court most often calls a case scheduled for that day, hears pretrial motions, and if the case is not dismissed, the court proceeds with jury selection. *Id.*

I do not reach the same conclusions as Judge Baird. *See Williams v. State,* 848 S.W.2d 777, 780 (Tex.App.-Houston [14th Dist.] 1993, no pet.) (stating dissenting opinions are not Texas precedent). As I interpret Judge Baird's recommended bright-line rule, such a rule would allow a deadline to be controlled by future events. For example, the court could deny a motion to quash and impanel the jury the same day. In that situation, the date the trial commences has now—after the fact—become the same date as the one on which the case was set for trial. Thus, the defendant would now be precluded from raising, on appeal, a complaint regarding the denied motion to quash because—in hindsight—the motion was untimely. Conversely, if the jury is *not* impaneled and sworn until the next day, that defendant *would* be able to appeal a possibly erroneous denial of his motion to quash. Additionally, in hearing a motion to quash under Judge Baird's proposed bright-line rule, a court would be required to determine timeliness of a motion to quash or an amendment to the charging instrument before events occurred establishing that timeliness. If a court heard and ruled on such a motion and subsequently swore and impaneled the jury that same day, the motion earlier ruled upon would-after the fact-become untimely. I do not interpret such a result to fit with the legislature's intent to establish guidelines as to timeli-

6. · There, the majority did not address the issue of when the *trial on the merits commences* because the parties did not raise it on appeal. *See Turner,* 898 S.W.2d at 306 n. 4.

ness of these motions. Furthermore, a party, whether the State or a defendant, should not be at the mercy of the date the court is able to impanel and swear the jury—a futuristic and, at that time, undetermined date—in determining when it must act lest it waive rights to amend or object to charging instruments.

The majority states if a defendant raises his motion to quash on the day scheduled for trial, and the motion is granted, the State may challenge the ruling or refile the complaint. This seems to offend notions of judicial economy the legislature wanted to preserve by requiring these motions *before* the date the case came to trial. Further, if the motion is denied, the defendant may or may not have waived his complaint; any waiver will be subject to actions that will occur after a defendant has presented his motion.

For reasons similar to those specified above, I am not persuaded the majority's interpretation would not lead to absurd results. The majority does not indicate when a trial begins. I disagree a trial begins for purposes of the statute when the parties announce ready, because the legislature changed that specific language. I disagree it is when jeopardy attaches, because the legislature did not so specify in the statute. The majority's position that a motion may or may not be timely, depending on the actions of the court *after the motion is presented* could not possibly have been intended by the legislature, especially considering the court of criminal appeals's decision in *Sodipo* that the trial court should have denied the State's motion to amend *when presented with it,* not when it later impaneled the jury. *See Sodipo,* 815 S.W.2d at 556.

Likewise, I am not persuaded by Sanchez's argument that the "date on which the trial on the merits commences" never occurred because the case was dismissed. Concluding so, as Judge Baird did in his dissent in *Turner* and as it appears the county criminal court of appeals did below, would lead to a defective result: a defendant would always be timely in a successful objection to a charging instrument so long as he makes the objection before the jury is impaneled and sworn, but an unsuccessful motion to quash would be untimely. Such an interpretation essentially gives no effect to the strong language of article 45.019(f). *See* TEX.CODE CRIM. PROC. ANN. art. 45.019(f) (stating untimely objections result in *waiver and forfeiture* of the right to object to a defect, error, or irregularity of form or substance). Even more absurd consequences would occur with joinder of prosecutions. *See id.* art. 3.02(b) (allowing prosecution for a single criminal action based on more than one charging instrument). An example may be seen in a situation where a defendant is charged under two charging instruments and moves to quash both charging instruments. If the court grants one motion and denies the other, subsequently proceeding with the swearing and impaneling of the jury the same day, the granted motion will be considered timely for appeal purposes, but the denied motion would be considered untimely and thus waived. I do not read the code as intending such contrasting results stemming from identical actions.

### An Interpretation to Effectuate the Legislative Purpose

Even after I have reviewed the purpose of the language of article 45.019(f) and have identified the varying and unpredictable consequences the majority's interpretation leads to, the specific question before us remains unanswered: when is the deadline for objecting to charging instruments established by the provision "before the date on which the trial on the merits commences"? In fact, the answer depends on what specific event commences the trial on the merits. Because this question indi-

cates ambiguity in the language itself, I will look behind the plain meanings of the words in the statute to discern the legislature's intended meaning. *See Boykin,* 818 S.W.2d at 785.

Following the purpose of article 1.14(b) we identified in *Van Dusen,* I conclude allowing objections to charging instruments to be initially brought on the same day the trial is scheduled to commence would allow the defendant to engage in "sand bagging" the prosecution by not providing an opportunity or sufficient time for the prosecution to correct the charging instrument before the trial is set to commence. *See Sodipo,* 815 S.W.2d at 555; *Van Dusen,* 744 S.W.2d at 280. Additionally, I decline, for purposes of interpreting article 45.019(f), to equate the *trial on the merits* language of the article to the time jeopardy attached, for to do so would lead to absurd results the legislature could not have intended, i.e., a meritorious objection or motion to quash would always be timely if filed on a date before a jury is seated, and this time would be yet to be determined when the defendant raises his objection. *See Boykin,* 818 S.W.2d at 785. Therefore, based on the above analysis, I conclude an objection to a charging instrument first brought to the court in a motion on the day the trial court has set the case for trial is untimely and is thereby waived in accordance with article 45.019(f). In doing so, I follow the court of criminal appeals in *Turner,* holding, "By waiting *until* the date of trial, appellee 'waive[d] and forfeit[ed] the right to object to the defect.'" *Turner,* 898 S.W.2d at 306 (brackets by court of criminal appeals) (quoting TEX.CODE CRIM. PROC. ANN. art. 1.14(b)). Furthermore, I read no discretionary language in article 45.019(f) allowing a trial court to act otherwise.

In the present case, the citation for the offense was mailed to Sanchez on March 9, 2000, and the complaint was filed on July 11, 2000. On July 12, 2000, the court set the case for trial on August 30, 2000. On August 29, Sanchez requested the case be reset, and it was reset for October 11, 2000. Sanchez had at least three months during which he could have made his objection or filed a motion objecting to the complaint. Not until October 11 did Sanchez make his oral objection to the complaint. That day was too late.

In reaching these conclusions, I do not state a court must set a separate pretrial hearing for the motion on a day prior to the day the case is set for trial. I state, instead, that a defendant must make his objection through which he complains of the charging instrument before the day the case is set for trial. This satisfies the purpose of the rule we identified in *Van Dusen,* allowing the prosecution to amend the charging instrument before the trial begins. Additionally, this will not further burden a trial court's docket, ameliorating Judge Baird's concerns regarding a trial court's ability to manage its docket. With due respect for the majority's concern for the municipal courts' docket management, we must effectuate the intent or purpose of the legislature. *See Boykin,* 818 S.W.2d at 785.

## Conclusion

I have reviewed this Court's analysis of the *any time before the date the trial on the merits commences* language in article 1.14(b) and the court of criminal appeals's analysis of similar language in article 28.10(a). Considering those decisions in conjunction with the statutory change in 1985, which did not specify which—or whose—act would *commence* a trial, I conclude objections to charging instruments, to be timely, initially need to be raised before the day the trial is scheduled to commence to provide an opportunity or sufficient time for the prosecution to cor-

rect the charging instrument before the trial is set to commence. *See Van Dusen,* 744 S.W.2d at 280. Accordingly, I would sustain the State's point of error and hold the county criminal court of appeals erred in affirming the municipal court's judgment.

### SANCHEZ'S INDEPENDENT ARGUMENTS

Concluding the lower court erred in affirming the municipal court's judgment, I also address Sanchez's independent arguments. In addition to responding to the State's brief by asserting the trial had not yet begun, Sanchez asserted three independent arguments to the county criminal court of appeals supporting the trial court's dismissal. First, Sanchez stated the State's brief was untimely. Second, Sanchez argued the appeal should fail because it was not based on errors reflected in the record. Finally, Sanchez asserted the State's point of error was moot because the complaint would not have withstood a motion for instructed verdict.

### Timeliness of State's Brief

In his first independent argument in support of the trial court's ruling, Sanchez argues the State did not timely file a brief because the brief was not filed within fifteen days of filing its notice of appeal. The guidelines for filing briefs on appeal from a municipal court of record are found in the government code: "The appellant must file the brief with the appellate court clerk not later than the 15th day after the date on which the transcript and statement of facts are filed with that clerk." TEX. GOV'T CODE ANN. § 30.00021(b) (Vernon Supp.2003). After receiving the municipal court record, the county criminal court of appeals notified the State its brief was due no later than February 13, 2001. The State filed its brief on February 1, 2001. Because the State timely filed its brief, Sanchez's first independent argument lacks merit.

### Reflection of Errors in the Record

In Sanchez's second independent argument, he asserts the appeal should fail because the errors are not reflected in the record. Sanchez emphasizes the municipal court is a *court of record,* and as such, pursuant to article 45.042(b),[7] the appeal must be based on error in that record. *See* TEX.CODE CRIM. PROC. ANN. art. 45.042(b) (Vernon Supp.2003). Sanchez further attempts to support his argument by referring to "Rule 50(d) of the Texas Rules of Appellate Procedure." Rule 50(d) was repealed in 1997. *See* TEX.R.APP. P. 34 cmt. Even so, in consideration of Sanchez's claim, I note the State requested that the hearing on the motion to quash be recorded; the judge denied the request.[8] Regardless of the lack of a formal record of the hearing, the error in granting the motion to quash can clearly be seen in the judge's handwritten notes in the record: the motion was presented and granted on the day the trial commenced-not before that day. Sanchez's second independent argument lacks merit.

### Mootness and Motion for Instructed Verdict

In his third and final independent argument, Sanchez argues the State's point of error is moot because the complaint would

---

7. Sanchez points us to article 45.10, but that article was renumbered to 45.042 in 1999. *See* TEX.CODE CRIM PROC. ANN. art. 45.042(b) cmt. (Vernon Supp.2003).

8. The majority states the judge's refusal does not hamper our ability to resolve the legal question before us. However, I note that without a record, we are unable to determine what transpired before the motion to quash was granted. Without this knowledge, even the majority's interpretation of the statute is difficult to apply.

not have withstood a motion for instructed verdict. Sanchez cites inapplicable articles, but the State directs us to the articles related to this claim. Article 45.032 lists when a defendant is entitled to a directed verdict in a trial in a municipal or justice court. *See* TEX.CODE CRIM. PROC. ANN. art. 45.032 (Vernon Supp.2003). A directed verdict is allowed if "the [S]tate fails to prove a prima facie case of the offense alleged in the complaint." *Id.* I will not, however, speculate on what the State would be able to prove at trial.

Sanchez further argues he would be unable to prepare a defense at trial because of the errors he complains of in the charging instrument. By not *timely* objecting to the charging instrument, however, Sanchez waived his right to object to either the instrument's form or substance. *See id.* art. 45.019(f). Sanchez may not later—after the trial begins—complain he was unable to prepare a defense to the charge.[9] Sanchez's third independent argument is, therefore, without merit.

### CONCLUSION

I am unpersuaded by Sanchez's independent arguments supporting the municipal court's judgment. Additionally, having concluded a defendant must make objections to the charging instrument before the day on which the trial is set, I conclude Sanchez did not timely object to the charging instrument. I would sustain the State's point of error.

Accordingly, I would reverse the judgment of the county criminal court of appeals and remand the case to the municipal court for further proceedings.

JJ. FITZGERALD and RICHTER joining.

9. If Sanchez had timely filed his motion to quash—before the day set for trial—the State could have responded by correcting the charging instrument, thereby eliminating the complaint Sanchez now raises. In his appeal, Sanchez asserts once he complained of the charging instrument on the day of trial, the State would not have been able to amend the charging instrument because any amendment would have been untimely. This argument directly contradicts Sanchez's position on appeal. The language determining when the State may amend a charging instrument is the same as the language determining when a defendant may object to the charging instrument: "before the date the trial on the merits commences." *Compare* TEX.CODE CRIM. PROC. ANN. art. 28.10(a) *with* TEX CODE CRIM. PROC. ANN. art. 45.019(f). (We use article 28.10(a) to determine when the State may amend the charging instrument because chapter forty-five does not address this issue. *See id.* art. 45.002.) If Sanchez—and the majority-were correct in saying the deadline had not lapsed, we would surely need to provide the State the same interpretation as Sanchez. If we did, the State could amend the indictment before we even knew if the deadline had passed. If a jury were then sworn that same day, the defendant would then—after the jury was sworn—be allowed to object. If the jury were not sworn that day, the defendant would then be allowed to request up to ten additional days to respond to the amended charging instrument. All of this would occur after both parties had appeared before the court, and perhaps even after a jury had been sworn. This would surely lead to an even greater clogging of a court's docket than the concerns already addressed in the opinion.