In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00134-CR

                                                ______________________________

 

 

                                   JOHNNY CLAWSON, JR.,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22971

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Eighteen-year-old
E.C. made a nervous witness who was extremely reluctant to give details regarding
two sexual assaults allegedly perpetrated against her by Johnny Clawson, Jr.,
when she was less than fourteen years old. 
Clawson was charged with two counts of aggravated sexual assault and
three counts of indecency with a child. 
After being found guilty and sentenced to life imprisonment for each of
the two sexual assault counts and twenty years’ imprisonment for each of the
three indecency counts, and assessed a $10,000.00 fine for each count, Clawson
appeals, challenging only the legal and factual sufficiency of the evidence
supporting his convictions on the two counts of aggravated sexual assault.  We affirm, because the evidence is
sufficient.

            We review
the legal and factual sufficiency of the evidence supporting a conviction under
well-established standards.  In
conducting a legal sufficiency review, we consider the evidence in the light
most favorable to the verdict to determine whether any rational jury could have
found the essential elements of aggravated sexual assault beyond a reasonable
doubt.  Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).  We must give deference to “the responsibility
of the trier of fact to fairly resolve conflicts in testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.”  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307,
318–19 (1979)).  We are not required to
determine whether we believe that the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we
must presume that the jury resolved any such conflict in favor of the
prosecution, and we must defer to that resolution.  State
v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  

            In
conducting a factual sufficiency review, we consider the evidence in a neutral
light.  Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App.
2006).  The verdict will be set aside
only if (1) it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and manifestly unjust, or (2) it is against the great weight
and preponderance of the evidence.  Id. at 415 (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  Both legal and factual sufficiency are
measured by the elements of the offense as defined by a hypothetically correct
jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v. State, 273 S.W.3d
273, 280 (Tex. Crim. App. 2008). 

            Count I of
the State’s indictment alleged Clawson “cause[d] the penetration of the female
sexual organ of [E.C.], a child younger than fourteen years of age[1]
who was not the spouse of said defendant by inserting his sexual organ into the
female sexual organ of [E.C.].”  Count II
alleged the “penetration of the female sexual organ of E.C.” was caused “by
inserting [Clawson’s] finger or fingers.” 
Clawson committed aggravated sexual assault if he intentionally or
knowingly committed these acts with E.C. when she was younger than fourteen
years of age.  Tex. Penal Code Ann. § 22.021(1)(B)(i), (iii), (2)(B) (Vernon
Supp. 2009).

            E.C.’s
testimony against Clawson included this sequence in which she provided evidence
supporting both alleged aggravated sexual assaults:

Q.        Okay. 
Now, have there been times back in 2000 and 2003 when [Clawson] would
touch you inappropriately?  

 

A.        Yes.

 

                        . . . .

 

Q.        Okay.  Can you tell the jury a time that you
remember when something happened with [Clawson]?

 

A.        A
lot of things happened.

 

                        . . . .

 

Q.        [E.C.],
do you know what sexual intercourse is?

 

A. 
     I’ve been told, but that’s it.

 

                        . . . .

 

Q.        Did
[Clawson] ever do anything of a sexual nature to you?

 

A.        Yes.

 

                        . . . .

 

Q.        Give
me an example of one thing that [Clawson] would do that you’d seen in the
movies?

 

A.        All
of it. 

 

Q.        Okay,
[E.C.], you’ve got to tell me a specific. 

 

A.        I
can’t. 

 

Q.        You
can.  Did he ever do anything with his
hands?

 

A.        Yes.

 

Q.        What
did he do with his hands?

 

A.        Do
all sorts of stuff. 

 

                        . . . . 

 

Q. 
     Can you describe to me other
sexual acts that you say [Clawson] did to you?

 

A.        I
don’t think I can say it, but I can write it.

 

                        . . . .

 

Q.        What
part of your body does your underwear cover? 
Does that part of your body have a front part and a back part?

 

A.        Yes.


 

Q.        Which
part of the body would [Clawson] touch with his penis and his hands?

 

A.        The
front. 

 

                        . . . .

 

Q.        The
front part of a female has an inside and an outside.  Would you agree with me? 

 

A.        Yes.


 

Q.        Did
his penis and his fingers touch the inside or the outside of the front part
that your underwear covers?

 

A.        Inside.

 

Q.        Outside?

 

A.        Inside.

 

Q.        When his penis would go inside the front
part that your underwear covers, would it be at the same time he was doing
other things?

 

A.        No,
it would be all just - - no - -

 

Q.        Would
his fingers and his penis be inside of you at the same time, I guess is my
questions [sic]?

 

A.        No.

 

Q.        Different
times?

 

A.        Yes.

  

            Clawson
contends this testimony was insufficient to demonstrate penetration of the
female sexual organ.  We disagree.  The slightest penetration of the female
sexual organ is sufficient to prove penetration.  See
Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992).  Penetration occurs so long as contact with the
female sexual organ could reasonably be regarded by an ordinary person as more
intrusive than contact with the outer vaginal lips.  Id. “Female
sexual organ” is a more general term than “vagina” and refers to the entire
female genitalia, including both vagina and the vulva.  Aylor v.
State, 727 S.W.2d 727, 729–30 (Tex. App.—Austin 1987, pet. ref’d).  Proof of penetration may be circumstantial.  Vernon,
841 S.W.2d at 409; Belt v. State, 227
S.W.3d 339, 342 (Tex. App.—Texarkana 2007, no pet.).  Here, a rational jury
could find that “the front part that your underwear covers” referred to E.C.’s
female sexual organ and that her agreement—that Clawson’s “penis and fingers”
touched the “inside” and that both were, at some point, “inside” of her—established
penetration of E.C.’s sexual organ in the context of the above testimony.  See
Villalon v. State, 791 S.W.2d 130, 133–34 (Tex. Crim. App. 1990).  Further, Christy Lynn McGeehee attended church
with E.C. and testified that, one day, when McGeehee and E.C. were alone
together on an outing, E.C. “burst out and she said, [Clawson] makes me have
sex with them.”  We find the evidence was
legally and factually sufficient to establish aggravated sexual assault in the
manner indicated by the State’s indictment.[2]

            Clawson next
argues E.C.’s testimony on cross-examination that she hated Clawson makes her
testimony incredible.  Despite E.C.’s
statement, the jury was free to believe E.C.’s and McGeehee’s testimony.  Giving the jury the deference it is due, we
conclude the verdict was not clearly wrong, manifestly unjust, or against the
great weight and preponderance of the evidence. 
The evidence is legally and factually sufficient.

            We affirm
the trial court’s judgment.

 

                                                            

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          May
24, 2010

Date Decided:             May
25, 2010

 

Do Not Publish

 

 

 

 











[1]It
is uncontested that E.C. was under fourteen years of age during the alleged
acts of sexual assault.  





[2]The
jury was also made aware that E.C. watched pornographic movies, and heard her
say “everything on there is what happened” between her and Clawson.  While the general characterization of the
videos was that they were “pornographic” and the record contains the videos’
titles, that information does not provide any specifics on what sexual acts
were depicted in the videos.